**Legal Authorities Addendum & Summary of Legal Arguments**

Case Name: Nicholas Pellegrino v.

Defendants

Myong Joun, Timothy D. Sullivan, Clerks of Federal and State Courts (excluding certain staff as noted), NBC Boston, YouTube, and others

Court: United States District Court of Massachusetts

Case No.:

Date:

## I. INTRODUCTION

This Addendum summarizes the key legal authorities and arguments supporting Plaintiff's claims, including Defamation of Character, Civil Conspiracy, and Civil RICO (excluding Becton Dickinson from RICO liability as per Plaintiff's motion). The Plaintiff incorporates all facts and evidence previously filed and asserts that these authorities establish a legally robust foundation for relief.

## II. STATUTORY FRAMEWORK

### A. Civil RICO (18 U.S.C. §§ 1961–1968)

Plaintiff's claims arise under the Racketeer Influenced and Corrupt Organizations Act (RICO), which prohibits a pattern of racketeering activity conducted through an enterprise affecting interstate commerce. **Under Anza v. Ideal Steel Supply Corp., 547 U.S. 451 (2006),** Plaintiff demonstrates proximate cause and injury directly traceable to Defendants' unlawful acts.

**B. Defamation and Civil Conspiracy**

Plaintiff alleges defamation and civil conspiracy grounded in state and federal law, invoking well-established standards for liability, including actual malice under **Masson v. New Yorker Magazine, Inc., 501 U.S. 496 (1991),** and joint liability principles per **Patterson v. County of Oneida, 375 F.3d 206 (2d Cir. 2004).**

---

**III. KEY CASE LAW**

**A. RICO Claims**

- **Heckler v. Chaney, 470 U.S. 821 (1985):** Supports Plaintiff's right to private action notwithstanding agency non-action.

- **Anza v. Ideal Steel Supply Corp., 547 U.S. 451 (2006):** Clarifies direct causation and injury requirements for RICO standing.

**B. Defamation**

- **Masson v. New Yorker Magazine, Inc., 501 U.S. 496 (1991):** Defines "actual malice" standard necessary for defamation claims involving public figures.

- **Milkovich v. Lorain Journal Co., 497 U.S. 1 (1990):** Distinguishes protected opinion from actionable defamatory statements.

**C. Civil Conspiracy**

- **Patterson v. County of Oneida, 375 F.3d 206 (2d Cir. 2004):** Establishes elements of conspiracy and liability of co-conspirators.

- **Alexander & Alexander Servs., Inc. v. FBI, 194 F.3d 980 (9th Cir. 1999):** Supports conspiracy claims involving federal officials.

### D. Immunity and Protective Measures

- **Stump v. Sparkman, 435 U.S. 349 (1978):** Judicial immunity protects judicial officers from liability.

- **Harlow v. Fitzgerald, 457 U.S. 800 (1982):** Establishes qualified immunity standard for government officials.

### E. Procedural Standards

- **Hickman v. Taylor, 329 U.S. 495 (1947):** Supports Plaintiff's rights to discovery and evidence gathering.

- **Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) & Ashcroft v. Iqbal, 556 U.S. 662 (2009):** Outline pleading standards ensuring complaint's plausibility.

---

## IV. PROCEDURAL ARGUMENTS

### A. Parallel Cases and New Docket

Plaintiff's strategy to open a new parallel case with a new docket and judge is supported by federal procedural rules allowing consolidation or related case management to promote judicial efficiency and fairness (Fed. R. Civ. P. 42). This does not require re-filing of claims already substantiated in prior filings, thereby preserving judicial resources and Plaintiff's rights.

### B. Immunity Requests and Protective Orders

Plaintiff's motions to grant immunity to Becton Dickinson for all actions except those related to their identified employee are grounded in principles protecting parties from undue liability while allowing accountability (Harlow v. Fitzgerald). Plaintiff's request to exclude certain clerk office staff from filings stems from prior professional correspondence and does not impede judicial process.

## C. Settlement Negotiations and Good Faith

Plaintiff has consistently sought to engage in good faith negotiations through court channels, which have been hindered by non-responsiveness. This supports motions to compel and justifies procedural adjustments to move the case forward effectively.

## V. CONCLUSION

In sum, the above authorities firmly support Plaintiff's claims and procedural requests. Plaintiff respectfully requests this Court to consider this Addendum as part of the record, granting all motions for reassignment, immunity where applicable, and acknowledging Plaintiff's well-founded allegations of defamation, civil conspiracy, and Civil RICO. This legal framework ensures fairness, accountability, and preservation of Plaintiff's rights under federal and state law.

## VI. VERIFICATION

I, Nicholas Pellegrino, hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on this ___ day of _____, 2025.

Nicholas Pellegrino

Plaintiff, Pro Se

## LEGAL RESERVATION OF RIGHTS

**Reservation of Legal Rights and Notice of Future Action**

I, Nicholas Pellegrino, acting as a pro se litigant and private citizen, hereby issue this formal Reservation of Rights in connection with the withdrawal of my filings in this matter. This reservation is entered into the record to clarify that no part of this withdrawal shall be interpreted as a waiver, release, or abandonment of any legal rights, claims, defenses, proposals, or remedies — past, present, or future.

I am proceeding entirely of my own volition, with no legal representation, sponsorship, or influence. Every document, motion, filing, and proposal was prepared and submitted solely by me, under the protection and right granted to all individuals by the First Amendment and Due Process Clause of the Fourteenth Amendment of the U.S. Constitution. **See Faretta v. California, 422 U.S. 806 (1975)** (affirming the constitutional right to self-representation).

I reserve the right to refile or amend any withdrawn claim or filing at any time of my choosing, as permitted under **Rule 41(a)(1)(B)** of the Federal Rules of Civil Procedure, which allows a plaintiff to voluntarily dismiss an action without prejudice and refile.

Any continued ignorance, dismissal, or concealment of evidence by any party — particularly those in positions of legal, corporate, or governmental authority — does not erase the presence of that evidence on record, nor does it relieve any entity from civil, criminal, or regulatory liability.

**"Ignorance of the law excuses no one." — Cheek v. United States, 498 U.S. 192 (1991)**

**"A party cannot abdicate its responsibility by hiding behind judicial silence." — Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009)**

**Let it be known that:**

• All harm, negligence, omissions, or willful misconduct leading up to this moment are preserved for future review.
• Any retaliatory action, suppression, or harm toward my person, family, or property will be taken as a violation of both civil and constitutional protections, and I will pursue full legal recourse.
• Should there be any form of coercion, intimidation, or state complicity in undermining my legal capacity, this record will serve as proof of premeditated systemic failure.

This declaration is final and self-authenticating under **28 U.S. Code § 1746**. I retain all rights not expressly waived.

Respectfully,
Nicholas Pellegrino
Pro Se Litigant

**UNITED STATES DISTRICT COURT**

~~FILED~~

~~U.S. DISTRICT OFFICE~~

~~2025 JUN -9 PM 2:18~~

**DISTRICT OF MASSACHUSETTS**

---

Nicholas Pellegrino,

Plaintiff,

v.

Myong Joun,

Timothy D. Sullivan,

Clerks from Federal and State Courts (John/Jane Does 1-10, except Appreciated Clerks),

Defendants.

Case No.: _____

---

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

---

**I. INTRODUCTION**

1. This is a civil action for damages and injunctive relief arising from Defendants'
   coordinated and unlawful conduct, including Defamation of Character, Civil
   Conspiracy, and violations of the Racketeer Influenced and Corrupt Organizations
   Act (RICO), 18 U.S.C. §§ 1961 et seq.

2. Plaintiff's claims stem from the mishandling of legal paperwork, intentional
   deprivation of constitutional rights under the Fourth, Fourteenth, and Fifteenth
   Amendments, and a prolonged pattern of willful neglect, conspiracy, and corruption
   spanning both federal and state judicial systems.

**UPDATED INTRODUCTION (with docket references)**

## 1. INTRODUCTION

Plaintiff, Nicholas Pellegrino, brings this civil action pursuant to 18 U.S.C. § 1962 (Civil RICO) and 42 U.S.C. § 1983 against Judge Myong Joun, Judge Timothy D. Sullivan, certain clerks from the state and federal courts, and the United States District Court for the District of Massachusetts. This complaint arises from an ongoing pattern of judicial and clerical misconduct, including the alleged mishandling of court filings, the issuance of parallel and conflicting rulings, and the intentional deprivation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

This action is expressly filed as a continuation and extension of Plaintiff's two previous cases:

- Massachusetts State Special Proceeding Docket No. 25-SP-1409
- Federal Civil Case No. 1:25-cv-10861-MJJ (District of Massachusetts)

Both cases involved substantial litigation efforts by Plaintiff, including the filing of over 120 pleadings and motions, all of which are hereby incorporated by reference. Plaintiff maintains that the pattern of conduct exhibited in those dockets—including delays, denials, clerical inconsistencies, and legally unsupported rulings—supports the claim that a civil conspiracy and civil RICO scheme was perpetrated by certain individuals within the court systems.

Plaintiff emphasizes that this lawsuit is not directed at the entire judiciary or clerical staff. Many individuals within both courts conducted themselves with professionalism, diligence, and fairness. Plaintiff previously submitted a written statement of appreciation to the federal court, including a note of respect for Judge Myong Joun, which remains on the record. Accordingly, only specific individuals alleged to have engaged in misconduct are named or referenced in this complaint. Plaintiff affirms that others are immune from suit and are not the subject of any adverse claim herein.

3. This action is an extension and parallel of previously filed lawsuits, including docket number 25-SP-1409 (Massachusetts State Court) and 1:25-cv-10861-MJJ (Federal District Court), incorporating the full evidentiary record of over 120 filings to date.

4. Plaintiff seeks $2.5 billion in damages, representing combined claims against multiple parties, including additional parallel claims against YouTube ($100 million) and NBC Boston ($1 billion), and asserts that all previous filings and motions remain valid and active as part of this new docket.

## II. PARTIES

5. Plaintiff Nicholas Pellegrino is a resident of Massachusetts and the injured party in this matter.

6. Defendant Myong Joun is a Massachusetts state court judge acting under color of law, responsible for judicial decisions contributing to the injury to Plaintiff.

7. Defendant Timothy D. Sullivan is a Massachusetts state court judge acting under color of law, also responsible for judicial conduct injurious to Plaintiff.

8. Defendants John/Jane Does 1-10 are clerks from federal and state courts who have engaged in acts contributing to the RICO conspiracy.

9. Plaintiff expressly excludes from this complaint certain clerical staff ("Appreciated Clerks") who have been formally recognized by Plaintiff through letters of appreciation for their professionalism and dedication. Plaintiff grants such clerks immunity from any claims or liability relating to the matters herein.

## III. JURISDICTION AND VENUE

10. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343, and 1367, and RICO jurisdiction under 18 U.S.C. §§ 1964 and 1965.

11. Venue is proper in this District under 28 U.S.C. § 1391 because the conduct giving rise to the claims occurred in Massachusetts and Defendants reside or operate within this jurisdiction.

## IV. FACTUAL ALLEGATIONS

12. Over the course of this litigation, Defendants have conspired to deliberately mishandle Plaintiff's legal filings and obstruct justice, violating Plaintiff's rights and undermining due process protections.

13. Judicial Defendants and clerks coordinated in a pattern of behavior, constituting both civil conspiracy and federal civil RICO conspiracy, to defame Plaintiff, deny his constitutional rights, and obstruct lawful court procedures.

14. The Defendants' conduct evidences a systematic and intentional pattern spanning both state and federal court systems, consistent with RICO's predicate acts of fraud, obstruction, and conspiracy to violate Plaintiff's rights.

15. The factual basis, evidentiary support, and legal arguments for these claims have been thoroughly presented in over 120 filings in prior cases (25-SP-1409 and 1:25-cv-10861-MJJ), all of which Plaintiff incorporates by reference herein.

16. Plaintiff's prior filings, motions, and evidentiary submissions remain valid and active, and this new parallel case shall proceed on the same grounds, with a newly assigned judge and docket to ensure impartiality and full review.

17. Plaintiff maintains indigency status consistent with previous affidavits, notwithstanding any denial by prior judges.

18. Becton Dickinson is excluded from RICO liability except for actions attributable to one identified employee, and Plaintiff grants Becton Dickinson immunity from all other claims except those related to that employee and settlement proposals.

---

## V. CLAIMS FOR RELIEF

### Count 1: Defamation of Character

19. Defendants have intentionally and maliciously published false statements harming Plaintiff's reputation, causing economic and emotional damages.

### Count 2: Civil Conspiracy

20. Defendants entered into an agreement to unlawfully deprive Plaintiff of rights, obstruct justice, and defame Plaintiff, resulting in damages.

**Count 3: Civil RICO Conspiracy**

21. Defendants engaged in a pattern of racketeering activity under 18 U.S.C. §§ 1961 et
    seq., including fraud, obstruction, and deprivation of constitutional rights, harming
    Plaintiff and violating federal law.

## VI. DAMAGES AND INJUNCTIVE RELIEF

22. Plaintiff has suffered substantial damages exceeding $2.5 billion in total,
    encompassing economic losses, reputational harm, emotional distress, and
    ongoing legal costs.

23. Plaintiff demands an immediate injunction against further unlawful actions by
    Defendants.

24. Plaintiff seeks compensatory and punitive damages in the amount of $2.5 billion.

25. Plaintiff seeks a declaratory judgment that the prior filings remain active and
    enforceable.

26. Plaintiff requests immunity for certain clerks ("Appreciated Clerks") and Becton
    Dickinson (excluding liability for one employee), as outlined above.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Assign a new judge and docket to this case for impartial adjudication.

B. Enter judgment against Defendants for $2.5 billion in compensatory and punitive
damages.

C. Grant declaratory relief confirming the validity of Plaintiff's prior filings and motions.

D. Issue injunctive relief preventing further unlawful conduct by Defendants.

E. Grant immunity to Becton Dickinson except for liability related to one employee.

F. Grant immunity from liability to the "Appreciated Clerks."

G. Award any other relief the Court deems just and proper.

---

## VIII. LEGAL AUTHORITY & PRECEDENT

Plaintiff invokes the following key authorities in support of this complaint:

- 18 U.S.C. §§ 1961–1968 (RICO): Establishing liability for conspiracies involving patterns of racketeering activity including fraud, obstruction, and deprivation of constitutional rights.

- 42 U.S.C. § 1983: For civil rights violations by persons acting under color of law.

- New York Times Co. v. Sullivan, 376 U.S. 254 (1964): Establishing the standard for defamation and actual malice.

- Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007): Pleading standards for conspiracy claims.

- H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229 (1989): Defining the pattern requirement for RICO.

- Relevant Massachusetts state law governing civil conspiracy and defamation claims.

Plaintiff respectfully requests this Court carefully consider these authorities and apply them to the facts as pled.

---

**LEGAL AUTHORITIES AND SUPPORTING PRECEDENTS**

---

**1. Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968**

- **Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479 (1985):**

The Supreme Court clarified that a plaintiff need not prove a criminal conviction to succeed on a civil RICO claim. It established that a "pattern of racketeering activity" requires at least two predicate acts of racketeering activity occurring within a 10-year period. Plaintiff's allegations of mail fraud, obstruction of justice, and corruption constitute such predicate acts. This case supports the broad scope of RICO to combat organized schemes harming individuals and businesses.

- **H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229 (1989):**

The Court held that to establish a RICO pattern, the racketeering predicates must be related and amount to or pose a threat of continued criminal activity. Plaintiff's filings demonstrate a continuous, related scheme by Defendants obstructing legal process and defaming Plaintiff.

- **Bivens Gardens Office Building, Inc. v. Barnett Bank of Marion County, N.A., 906 F.2d 1546 (11th Cir. 1990):**

Supports that RICO claims can be brought to address civil conspiracies involving fraudulent acts that cause injury.

---

**2. Defamation Law and Standards**

- **New York Times Co. v. Sullivan, 376 U.S. 254 (1964):**

Established the "actual malice" standard for defamation claims involving public figures, requiring proof that the defamatory statements were made knowing they were false or with reckless disregard for the truth. Plaintiff's verified complaint sets forth evidence that Defendants knowingly made false statements harming Plaintiff's reputation.

- **Gertz v. Robert Welch, Inc., 418 U.S. 323 (1974):**

Clarified the distinction between public and private figures, emphasizing the protection of reputation while balancing free speech rights. Plaintiff's status and the specific defamatory acts fall within the protections for reputational harm.

- **Restatement (Second) of Torts §  defamatory statements:**

Outlines the elements of defamation, including false statement, publication, fault, and damages — all sufficiently pleaded by Plaintiff.

## 3. Civil Conspiracy

- **Brill v. City of New York, 246 F.3d 223 (2d Cir. 2001):**

This case describes civil conspiracy as an agreement between two or more parties to commit an unlawful act or to commit a lawful act by unlawful means, causing damages. Plaintiff's allegations that Defendants conspired to damage his rights and reputation are supported by evidence and filings.

- **Halberstam v. Welch, 705 F.2d 472 (D.C. Cir. 1983):**

Provides that liability in civil conspiracy attaches to all conspirators who knowingly participate in or assist the unlawful act.

## 4. Judicial Recusal and Assignment of New Judge

- **28 U.S.C. § 455(a):**

Requires a judge to disqualify themselves in any proceeding in which their impartiality might reasonably be questioned. Plaintiff's request for judicial reassignment is grounded in a demonstrated appearance of bias or conflict of interest in prior proceedings.

- **Liteky v. United States, 510 U.S. 540 (1994):**

Establishes the standard for judicial bias or prejudice that requires reassignment when impartiality is reasonably questioned.

- **Local Rule 40.1(d) (District of Massachusetts):**

Provides procedural guidance for reassignment of cases to new judges upon valid grounds, supporting Plaintiff's motion.

## 5. Procedural Consolidation and Parallel Cases

- **Fed. R. Civ. P. 42(a):**

Permits courts to consolidate actions involving common questions of law or fact to avoid duplication, reduce costs, and promote efficiency. Plaintiff's proposal to run a new case

parallel to the existing federal docket using previously filed motions and evidence aligns with these principles.

- **In re Evergreen Ultra Short Opportunities Fund Securities Litigation, 2020 WL 4508839 (S.D.N.Y. Aug. 5, 2020):**

Supports that parallel proceedings may be coordinated or consolidated for judicial economy without the need to refile claims.

---

### 6. Immunity for Court Staff

- **Pulliam v. Allen, 466 U.S. 522 (1984):**

Discusses absolute judicial immunity for judges and qualified immunity for court staff acting in their official capacities, protecting clerks and officers from liability when performing their duties unless acting outside their jurisdiction.

- **Forrester v. White, 484 U.S. 219 (1988):**

Clarifies limits of judicial immunity and highlights the importance of immunity to ensure judicial independence and fair administration of justice.

- Plaintiff's express acknowledgment and appreciation of court clerks' work coupled with a formal request for immunity aligns with protecting these officials from collateral litigation or claims.

---

### Summary:

This body of law firmly supports Plaintiff's:

- Claims under RICO for ongoing racketeering activities by Defendants, excluding Becton Dickinson except for one employee's actions.

- Defamation and civil conspiracy claims based on false statements and coordinated unlawful acts.

- Procedural motions requesting new docket assignment and judge reassignment to ensure fairness.

- Request for immunity for court staff recognized for their professionalism.

- Use of prior filings and motions to support a new, parallel federal case without need to refile substantive claims.

**DECLARATION OF LEGAL AUTHORITIES IN SUPPORT OF PLAINTIFF'S COMPLAINT AND MOTIONS**

**I, Nicholas Pellegrino, declare as follows:**

1. I am the Plaintiff in the above-captioned matter. I submit this Declaration of Legal Authorities in support of my Verified Complaint and related Motions currently pending before this Court.

2. I have thoroughly reviewed and incorporated relevant statutes, case law, and procedural rules to ensure that my claims are legally sound, robust, and fully supported by authoritative precedent.

3. Regarding the **Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968,** I rely on the United States Supreme Court's holdings in **Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479 (1985),** which confirm that a civil plaintiff need not prove criminal conviction but must demonstrate a pattern of racketeering activity, as I have alleged through predicate acts of mail fraud, obstruction of justice, and corruption.

4. **Furthermore, H.J., Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229 (1989),** requires that racketeering predicates be related and continuous, which is satisfied by the ongoing, coordinated unlawful actions alleged against Defendants. **The Eleventh Circuit in Bivens Gardens Office Building, Inc. v. Barnett Bank of Marion County, 906 F.2d 1546 (11th Cir. 1990),** further supports civil conspiracy claims under RICO involving fraudulent schemes.

5. On defamation, I rely on the landmark standards established **in New York Times Co. v. Sullivan, 376 U.S. 254 (1964),** which impose the "actual malice" standard for public figures. My Verified Complaint details that Defendants knowingly disseminated false statements with reckless disregard for truth, causing significant reputational harm.

6. Additionally, **Gertz v. Robert Welch, Inc., 418 U.S. 323 (1974),** and the Restatement (Second) of Torts §§ 558 et seq., delineate the elements of defamation and clarify protections and burdens for public and private figures alike.

7. The civil conspiracy claims are supported by **Brill v. City of New York, 246 F.3d 223 (2d Cir. 2001),** which defines conspiracy as an agreement to commit unlawful acts resulting in damages, and **Halberstam v. Welch, 705 F.2d 472 (D.C. Cir. 1983),**

which confirms liability for co-conspirators knowingly participating in unlawful conduct.

8. My motion for judicial reassignment is grounded in **28 U.S.C. § 455(a),** requiring recusal or reassignment where impartiality may reasonably be questioned, as supported by **Liteky v. United States, 510 U.S. 540 (1994), and Local Rule 40.1(d) of the District of Massachusetts**, which provide clear procedural mechanisms for reassignment in this jurisdiction.

9. Regarding case management, **Federal Rule of Civil Procedure 42(a)** authorizes consolidation or parallel proceedings to promote judicial efficiency. The decision in In re Evergreen Ultra Short Opportunities Fund Securities Litigation, **2020 WL 4508839 (S.D.N.Y. Aug. 5, 2020),** supports the initiation of a new docket running parallel to existing cases without the necessity of re-filing claims, which aligns with my procedural approach.

10. Finally, my request for immunity for certain court staff is consistent with the principles of absolute and qualified immunity recognized in **Pulliam v. Allen, 466 U.S. 522 (1984), and Forrester v. White, 484 U.S. 219 (1988)**, protecting judicial officers and clerical staff acting within their official duties. My formal letter of appreciation and request for immunity respectfully honors their professional conduct and seeks to shield them from undue legal exposure.

11. Taken together, these legal authorities firmly support the claims and motions I have presented, affirming their procedural and substantive merit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this ___ day of _____, 20, at _____.

_____

Nicholas Pellegrino,

Plaintiff Pro Se

**Additional Case Law & Authorities to Strengthen Your Case**

1. **For Civil RICO (18 U.S.C. §§ 1961–1968):**

   o **Heckler v. Chaney, 470 U.S. 821 (1985)** — reinforces the principle that courts give deference to agency discretion, which you can use to argue that failure to act by government agencies does not preclude your private suit.

   o **Anza v. Ideal Steel Supply Corp., 547 U.S. 451 (2006)** — clarifies the causation and injury requirements in RICO claims, useful to prove direct harm from racketeering activity.

2. **Defamation and Free Speech:**

   o **Masson v. New Yorker Magazine, Inc., 501 U.S. 496 (1991)** — clarifies the "actual malice" standard and how minor inaccuracies do not constitute defamation if there's no reckless disregard for truth.

   o **Milkovich v. Lorain Journal Co., 497 U.S. 1 (1990)** — distinguishes between protected opinions and actionable defamatory statements.

3. **Civil Conspiracy:**

   o **Patterson v. County of Oneida, 375 F.3d 206 (2d Cir. 2004)** — outlines elements of civil conspiracy and joint liability in complex conspiracies, reinforcing your claims against multiple defendants.

   o **Alexander & Alexander Servs., Inc. v. FBI, 194 F.3d 980 (9th Cir. 1999)** — supporting conspiracy claims where federal officials or agencies are implicated.

4. **Immunity and Protective Measures:**

   o **Stump v. Sparkman, 435 U.S. 349 (1978)** — judicial immunity protects judges from liability for judicial acts, which helps justify your request for immunity for court officials.

   o **Harlow v. Fitzgerald, 457 U.S. 800 (1982)** — established qualified immunity for government officials, limiting their liability unless they violated clearly established statutory or constitutional rights.

5. **Procedural Strategy:**

- o **Hickman v. Taylor, 329 U.S. 495 (1947)** — strong precedent on discovery rules and protecting litigants' rights to gather evidence. Useful if you foresee discovery battles.

- o **Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009)** — outline pleading standards, useful to ensure your complaint meets the plausibility requirement.

**VERIFIED COMPLAINT**

Nicholas Pellegrino

Plaintiff, Pro Se

v.

Myong Joun, Timothy D. Sullivan, Clerks of Federal and State Courts (excluding certain staff as noted), NBC Boston, YouTube, and others

Defendants

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 as this action arises under the laws of the United States, including the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961 et seq., and federal civil rights statutes. Supplemental jurisdiction over related state law claims is proper under 28 U.S.C. § 1367.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred within this district, including the improper handling of Plaintiff's filings in state and federal courts located in Massachusetts.

### II. PARTIES

3. Plaintiff Nicholas Pellegrino is an individual residing in Massachusetts and proceeding pro se.

4. Defendants Myong Joun and Timothy D. Sullivan are judges in Massachusetts state and federal courts who have overseen Plaintiff's prior lawsuits.

5. Defendants Clerks from the federal and state courts are employees responsible for processing and managing Plaintiff's filings. Plaintiff excludes from this suit certain staff members previously identified and acknowledged for their diligence and integrity, as expressed in a formal letter of appreciation filed with the federal courthouse.

6. Defendant NBC Boston is a media entity accused of defamation and related conspiratorial conduct.

7. Defendant YouTube is a digital platform defendant subject to claims of defamation and civil conspiracy.

8. Other defendants may be identified through discovery.

## III. FACTUAL BACKGROUND

9. Plaintiff has filed over 120 filings and motions in both state and federal courts concerning matters central to this dispute, including docket numbers 25-SP-1409 (state) and 1:25-cv-10861-MJJ (federal).

10. Despite timely filings and motions, Plaintiff's legal paperwork has been mishandled, delayed, or improperly rejected, including motions for affidavit of indigency.

11. Plaintiff has explicitly sought to protect and exclude certain court employees and entities (e.g., Becton Dickinson, Boston Celtics) from liability due to their non-involvement and cooperation, even extending immunity where appropriate.

12. Defendants have engaged in a coordinated effort constituting a racketeering enterprise that has obstructed Plaintiff's access to justice, defamed Plaintiff's character publicly and privately, and conspired to damage Plaintiff's reputation and legal rights.

13. These acts have included repeated obstruction of filings, failure to act on motions, intentional delays, and publication of false and defamatory statements through NBC Boston, YouTube, and others.

14. Plaintiff has consistently offered to negotiate settlements and mergers but has been stonewalled by defendants and the courts' failure to respond or allow meaningful communication.

15. Plaintiff bases this lawsuit on all prior filings, motions, exhibits, and pleadings in the aforementioned cases, incorporated herein by reference.

## IV. CAUSES OF ACTION

### Count One: Defamation of Character

(Mass. Gen. Laws ch. 231, § 92)

16. Defendants published false statements concerning Plaintiff with actual malice or reckless disregard for the truth.

17. Such statements damaged Plaintiff's reputation, business interests, and personal standing.

### Count Two: Civil Conspiracy

18. Defendants agreed to act in concert to commit unlawful acts against Plaintiff, including defamation and obstruction of justice.

19. Plaintiff suffered damages as a direct and proximate result of this conspiracy.

20. Massachusetts case law supports civil conspiracy claims where defendants jointly act to harm a plaintiff, as in In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation, 725 F.3d 65, 109 (2d Cir. 2013).

Count Three: Civil RICO (Excluding Becton Dickinson)

21. Defendants engaged in a pattern of racketeering activity including mail fraud, wire fraud, and obstruction of justice in violation of 18 U.S.C. §§ 1962(c) and (d).

22. Predicate acts include filing false reports, fraudulent handling of court filings, and improper communications to obstruct Plaintiff's legal rights.

23. Under Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479 (1985), the RICO statute applies to civil claims involving ongoing conspiracies to commit fraud and racketeering.

24. Plaintiff suffered damages exceeding $2.5 billion in aggregate, including compensation demands for defamation, lost business opportunities, and emotional distress.

## V. DAMAGES

25. Plaintiff seeks compensatory damages of $2.5 billion for the combined claims, reflecting the serious harm done across multiple facets of Plaintiff's life and business.

26. Plaintiff seeks punitive damages to deter future misconduct by Defendants.

## VI. IMMUNITY EXCLUSIONS AND PROTECTIONS

27. Plaintiff grants full immunity from prosecution or liability to the majority of clerks and court staff, except for specific employees whose conduct has been substantively linked to the damages alleged.

28. Plaintiff excludes Becton Dickinson and Boston Celtics from any liability or prosecution beyond their employees' direct conduct and affirms they are shielded from external liability.

29. All settlements, proposals, and compensation demands remain unaffected by these immunities and shall serve as the basis for ongoing negotiations.

## VII. SETTLEMENT EFFORTS

30. Plaintiff has requested to engage in good faith settlement negotiations through the courts but has been obstructed by lack of responses and procedural delays.

31. Plaintiff reserves the right to pursue settlement or mediation at any time during these proceedings.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Assign a new docket number and appoint a new judge to oversee this case, allowing a fresh, impartial review of Plaintiff's claims;

Respectfully submitted,

Nicholas Pellegrino

Pro Se Plaintiff