**Closing Argument / Summary of Impact**

This Complaint is not merely another procedural filing; it represents a seismic shift in uncovering systemic wrongdoing, fraud, and obfuscation surrounding the disbursement of funds, witness conduct, and potential criminal liability. The evidence and allegations set forth herein create an unambiguous path for the Court and investigating authorities to expose misconduct by all parties involved, including those who have allegedly received payments yet remain evasive or unaccountable.

This filing opens the door to a comprehensive investigation of corrupt practices and mismanagement that permeate the underlying proceedings and associated actors. It solidifies the foundation of Plaintiff's claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), demonstrating a pattern and practice of willful deceit, obstruction, and suppression of truth.

Importantly, this Motion serves as a critical wake-up call to all individuals who believed themselves insulated or "in control" of this matter based on misinformation or misplaced assurances. The reality is that no party is beyond scrutiny or immune from the consequences of evasion or misconduct. Those who have attempted to "ghost" communication, avoid verification, or otherwise evade accountability will face intensified legal and evidentiary consequences.

The issuance of this Complaint therefore marks the beginning of a robust enforcement and oversight process, ensuring that justice is served not only for Plaintiff but also for the integrity of the judicial system. The Court's prompt attention and decisive action on this matter are imperative to prevent further harm, uphold the rule of law, and affirm that all parties are held to the highest standards of accountability.

## Failure to Update Docket and Potential Misconduct in Payment Disbursement

Plaintiff asserts that if payments were indeed dispensed, they were not adequately documented or confirmed in the court's docket, creating confusion and a lack of accountability. This failure is a violation of fundamental principles of judicial transparency and responsibility, as the docket serves as the official record of all proceedings, transactions, and orders in the case **(see Cohen v. United States, 366 U.S. 717, 723 (1961))**.

The absence of an update regarding payment receipt or verification on the docket raises substantial concerns. If payments were disbursed, the court is under a duty to ensure that the record reflects these transactions, as the failure to do so compromises the integrity of the process and the Plaintiff's ability to track the status of such payments. **Under Federal Rule of Civil Procedure 77(b),** the clerk of the court is required to maintain an accurate record of all orders and proceedings. Failure to update the docket in a timely manner directly violates this rule and undermines the transparency that courts are bound to uphold.

Plaintiff contends that if payments were indeed dispensed without the corresponding docket update, it would explain the absence of communication from certain recipients, who have since engaged in ghosting behavior. This behavior is consistent with the assumption that the recipients were informed, either directly or indirectly, that they were not required to report back to the Plaintiff or the court. **According to United States v. Ali, 874 F.3d 16, 20 (2d Cir. 2017),** parties in litigation must act in good faith and transparency in order to prevent misuse of the judicial process. The failure to ensure transparency regarding payments could lead recipients to falsely assume that they were not accountable to the Plaintiff or the court.

Additionally, the Due Process Clause requires that all parties are given adequate notice and a fair opportunity to contest matters affecting their legal rights. The failure to update the docket creates a risk of denying the Plaintiff due process, as it prevents the Plaintiff from knowing the status of payments made in their favor, thus impairing the ability to effectively seek redress and hold responsible parties accountable **(see Goldberg v. Kelly, 397 U.S. 254, 267 (1970)**.

Plaintiff further requests that the Court address this failure to update the docket, which may have allowed recipients to evade responsibility. The Court should ensure that all payments are documented, and any discrepancies between the docket and the actual transactions are thoroughly investigated. This includes a full review of the payment history and actions taken by the Court to ensure proper documentation.

As the Federal Rules of Civil Procedure and case law underscore, it is not only the Plaintiff's right but also the Court's duty to ensure that all proceedings are transparent and properly recorded. The Plaintiff's ability to pursue legal remedies hinges on the accurate maintenance of the docket and the Court's responsibility to prevent fraudulent behavior or the misdirection of funds.

Therefore, the Plaintiff requests that the Court:

1. Conduct a full investigation into the payments allegedly dispensed, their recipients, and any failure to document or update the docket.

2. Review the failure of recipients to acknowledge or confirm receipt of funds, considering this behavior in the broader context of potential misconduct and lack of transparency.

3. Take appropriate actions to ensure that any such failures are rectified and that transparency is restored in the process.

Exclusion of Becton Dickinson from RICO Claims and Clarification of Defamation Matter

This action serves as an extension of the original complaint. It is explicitly stated that the only matter relevant to Becton Dickinson, Inc. ("Becton Dickinson") in this proceeding is the defamation message that was sent on Martin Luther King Day. This issue will be resolved solely through settlement talks and negotiations. Any and all other matters or claims unrelated to the defamation message are to be considered null and void.

Becton Dickinson is explicitly excluded from any and all RICO claims, charges, and liabilities related to this case, both before and after the filing of this complaint. Becton Dickinson is also immune from any RICO-related claims, charges, or liabilities permanently. This immunity extends to all RICO claims and actions, except for the aforementioned defamation issue, which is addressed separately through settlement negotiations.

This extension maintains the original complaint as an open matter, but withdrawn solely for the purpose of facilitating settlement negotiations. The exclusion of Becton Dickinson from any RICO charges is a procedural measure to allow for fair negotiations without the involvement of the company in the RICO claims.

**Case Law & Procedural Grounds:**

- **Fed. R. Civ. P. 41(a),** permitting voluntary dismissal, applies to this situation where the complaint is withdrawn for the purpose of settlement discussions.

- In **United States v. Philip Morris Inc., 300 F.3d 1108 (D.C. Cir. 2002),** the court affirmed that exclusions of parties from claims must be made explicitly clear, and this principle applies in this case to ensure clarity in the record.

- **Pacific Employers Ins. Co. v. Global Reinsurance Corp., 693 F.3d 121 (1st Cir. 2012),** further supports that exclusions from legal claims and clarifications in ongoing litigation protect the parties involved from unwarranted claims.