**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

Nicholas Pellegrino,

**Plaintiff,**

v.

Judge Myong Joun, Judge Timothy D. Sullivan, Mayor Michelle Wu, WCVB Channel 5 Boston,

**Defendants.**

Case No.: 1:25-cv-11681

---

### EMERGENCY MOTION TO STAY STATE EXECUTION & NOTICE OF FEDERAL PREEMPTION

NOW COMES Plaintiff Nicholas Pellegrino, pro se, respectfully filing this Emergency Motion seeking:

### I. Emergency Motion to Stay Execution Issued in State Housing Court

Plaintiff respectfully moves this Honorable Court to issue an Emergency Stay of the housing court's June 25, 2025, execution order, docketed in connection with the housing matter involving Aliardo, Patra A v. Pellegrino, Nicholas, citing:

- Clear conflict with ongoing federal proceedings under this RICO action, and
- A deprivation of Plaintiff's constitutional rights under the 5th and 14th Amendments (Due Process Clause).

Plaintiff contends the execution ruling:

- Ignores active federal claims under Case No. 1:25-cv-11681, and

- Constitutes unlawful state interference in violation of the Supremacy Clause (U.S. Const. art. VI, cl. 2).

## II. Federal TRO Motion and Notice of Conflict Between Federal and State Action

Plaintiff seeks a Temporary Restraining Order (TRO) under Federal Rule of Civil Procedure 65, barring enforcement of the housing court's judgment pending resolution of this federal RICO corruption action.

### Grounds:

- The state court judgment was issued after Plaintiff reopened the federal case, creating a direct conflict between the rulings.
- Federal courts have exclusive jurisdiction over RICO and constitutional claims, and therefore retain preemptive authority over conflicting lower state proceedings.

### Supporting Case Law:

- Ex parte Young, 209 U.S. 123 (1908): Federal courts can enjoin state officials violating federal law.
- Haywood v. Drown, 556 U.S. 729 (2009): States cannot block access to federal rights through procedural manipulation.
- Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976): Abstention from federal jurisdiction is the exception, not the rule.

## III. Statement Invoking the Supremacy Clause & Constitutional Due Process

Pursuant to Article VI, Clause 2 of the United States Constitution ("Supremacy Clause"), Plaintiff asserts:

1. The state court's execution order is nullified by the filing and reopening of this federal RICO case.
2. Plaintiff's right to fair adjudication under federal law cannot be denied by inconsistent or retaliatory state-level orders.
3. The housing court's ruling was issued without adequate notice, violating the 4th and 14th Amendments, and constitutes judicial overreach in light of this case's broader federal scope and active filings.

## IV. Conclusion and Relief Requested

Plaintiff respectfully requests that this Court:

1. Issue an immediate stay of any and all enforcement related to the housing execution order dated June 25, 2025.
2. Enjoin any related state actions that conflict with the federal RICO case now pending.
3. Acknowledge Plaintiff's constitutional claims under federal jurisdiction and provide expedited relief.

Filed this 25th day of June, 2025

Respectfully submitted,

Nicholas Pellegrino

Pro Se Plaintiff