**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

Case No. 1:25-cv-11681

**NICHOLAS PELLEGRINO,**
Plaintiff,

v.

**Defendants listed in filings**

## DECLARATION OF NICHOLAS PELLEGRINO IN SUPPORT OF MOTION TO DESIGNATE ANTONIO BROWN AS A PREEMPTIVE WITNESS AND MATERIAL FACT FIGURE

I, Nicholas Pellegrino, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 and under the laws of the United States that the following is true and correct:

1. I am the Plaintiff in the above-captioned matter and submit this declaration in support of my Motion to designate Antonio Brown as a preemptive witness and material fact figure in this civil rights action brought under 42 U.S.C. § 1983.
2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3) because this case arises under the Constitution and federal civil rights statutes, including 42 U.S.C. § 1983, which provides a cause of action against state actors for constitutional violations.
3. I have been subjected to a false and defamatory criminal accusation culminating in an arrest warrant for attempted murder, which was without probable cause, racially motivated, and indicative of systemic violations of my constitutional rights, including my Fourth, Fifth, and Fourteenth Amendment rights.
4. Mr. Antonio Brown, a public figure and former professional athlete, is facing or imminently will face legal action in the State of Florida or other jurisdictions based on similar allegations tainted by racial bias, media defamation, and due process failures.
5. The treatment of Mr. Brown constitutes relevant evidence in this case, demonstrating a broader pattern and practice of:

Racially discriminatory prosecutorial conduct (see McCleskey v. Kemp, 481 U.S. 279 (1987));

- Coordinated media defamation that impacts fair trial rights (Gentile v. State Bar of Nevada, 501 U.S. 1030 (1991));

- Violations of due process and equal protection under the Fourteenth Amendment (Mathews v. Eldridge, 424 U.S. 319 (1976); Batson v. Kentucky, 476 U.S. 79 (1986));
- Institutional retaliation and selective prosecution (United States v. Armstrong, 517 U.S. 456 (1996)).

6. Federal courts have the inherent power to manage proceedings to prevent injustice and preserve judicial resources (Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)), including designating material witnesses to protect rights and prevent duplication of efforts or state interference.
7. Under the Supremacy Clause (U.S. Const. art. VI, cl. 2), federal law preempts conflicting state actions, and this Court may intervene to protect federal interests and prevent state court proceedings that would undermine constitutional rights (Testa v. Katt, 330 U.S. 386 (1947); Younger v. Harris, 401 U.S. 37 (1971) (noting exceptions to abstention for bad faith prosecution)).
8. Designating Mr. Brown as a preemptive federal witness and material fact figure will:

- Preserve this Court's oversight of systemic civil rights violations affecting both Mr. Brown and myself;
- Prevent the State of Florida or other jurisdictions from proceeding with unjust prosecutions that are intertwined with the issues before this Court;
- Protect Mr. Brown from further retaliatory prosecution or civil suits arising from the same unconstitutional conduct (Heck v. Humphrey, 512 U.S. 477 (1994));
- Facilitate discovery and evidentiary proceedings relevant to establishing patterns of misconduct.

9. I am not seeking to add Mr. Brown as a party plaintiff or litigant; rather, I respectfully request that this Court recognize him as a preemptive witness, entitled to appropriate protections, including immunity from further state or civil actions related to the conduct at issue in this case.
10. This designation is necessary to ensure full and fair adjudication of constitutional claims and to uphold the Court's authority under 42 U.S.C. § 1983, the Supremacy Clause, and the Court's inherent powers.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 30th day of June, 2025.

_____

Nicholas Pellegrino
Pro Se Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

• **RICO Corruption Case: 1:25-cv-11681**

• **Related Protective Action: 1:25-cv-10861-MJJ**

**NICHOLAS PELLEGRINO,**
**Plaintiff,**

**v.**

**Defendants.**

# NOTICE AND DECLARATION OF PREEMPTIVE WITNESS DESIGNATION OF ANTONIO BROWN

I, Nicholas Pellegrino, appearing pro se, hereby submit this declaration into the record of the above-captioned civil action, and state under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. This declaration serves as formal notice of designation of Antonio Brown as a preemptive federal witness and material fact figure, relevant to the constitutional and systemic misconduct issues raised in this § 1983 civil rights complaint.
2. Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i), I am permitted to identify "the name and, if known, the address and telephone number of each individual likely to have discoverable information…that the disclosing party may use to support its claims."
3. This designation is effective immediately upon filing and does not require judicial approval to take effect. It is part of the formal discovery record under Fed. R. Civ. P. 26, 33, and 34, and preserves Antonio Brown's relevance as a potential non-party witness.
4. I am not seeking judicial enforcement or action at this time, but reserve the right to seek such action under Rule 45 (subpoena), Rule 65 (injunctive relief), or Rule 16 (pretrial scheduling) should circumstances warrant.
5. As detailed in the attached Declaration in Support of this Designation, Mr. Brown's experience in the legal system exemplifies patterns of racial bias, prosecutorial abuse, media defamation, and due process violations that mirror the misconduct at issue in this case.
6. This filing places the Court and all parties on notice that Mr. Brown's involvement and treatment in related legal matters is material to the claims

   raised herein and may be relied upon as comparative or pattern-and-practice evidence.
7. I also assert that any parallel state prosecution or civil action against Mr. Brown that touches upon these federal issues is preempted under the Supremacy Clause, and I intend to argue that federal jurisdiction takes precedence under Younger v. Harris, Testa v. Katt, and related doctrines if enforcement is sought.
8. I declare that the foregoing is submitted in good faith and with legal standing under 42 U.S.C. § 1983, the First, Fourth, Fifth, and Fourteenth Amendments, and the inherent authority of federal courts to protect witnesses and preserve the integrity of federal proceedings.

Executed this 30th day of June, 2025.

Nicholas Pellegrino
Pro Se Plaintiff