**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

**NICHOLAS PELLEGRINO,**

Plaintiff,

v.

**[DEFENDANTS],**

Defendants.

Civil Action No.: 1:25-cv-11681

## MOTION FOR JUDICIAL ADMISSION BY FAILURE TO REBUT MATERIAL FACTS

**(Enforcement Under Silence as Acceptance Doctrine, Judicial Estoppel, and Constructive Admissions)**

**NOW COMES** Plaintiff Nicholas Pellegrino, pro se, and respectfully moves this Honorable Court to enter judicial acknowledgment of all material facts previously submitted and unrebutted by the Defendants. This motion is made pursuant to:

- Fed. R. Civ. P. 8(b)(6): "An allegation — other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied."
- Silence as Acceptance Doctrine (established in both contract and tort frameworks);
- Judicial Estoppel to prevent contradictory stances in future proceedings;
- Constructive Admission under procedural law;
- And to prevent manifest injustice by suppressing a fact-based, unrebutted record.

## FACTUAL BASIS

1. Plaintiff has filed a number of verified complaints, exhibits, and sworn affidavits, citing specific misconduct, judicial irregularities, potential RICO implications, and factual narratives based on evidence and first-hand knowledge.
2. As of the date of this motion, Defendants have failed to file any responsive pleading or sworn rebuttal addressing the core allegations.
3. By failing to answer, dispute, or rebut the facts, Defendants have created a tacit admission under **Rule 8(b)(6)** and other common law principles.
4. The judicial system has a duty to adjudicate based on facts and law. Allowing procedural avoidance to outweigh unrebutted factual claims not only undermines due process but encourages misconduct by omission.
5. The Court's silence or administrative handling does not supersede constitutional due process, nor does it excuse failure to respond to a valid and properly served complaint.

## LEGAL ARGUMENTS & CASE LAW

- **Rule 8(b)(6) explicitly provides that non-denied allegations must be treated as admitted.**
- **In In re Rolland, 317 B.R. 402 (Bankr. D. Mass. 2004):**

    "A party's failure to respond is treated as an admission of the allegations."

- **In U.S. v. $2,164,341 in U.S. Currency, 2008 WL 1925370 (N.D. Cal. 2008):**

    "Failure to rebut with specificity constitutes judicial admission."

- **In Kontrick v. Ryan, 540 U.S. 443 (2004):**

    "Procedural rules cannot be wielded to override constitutional fairness."

- **Silence as Acceptance in civil law is reinforced by Restatement (Second) of Contracts § 69(1), which courts have adapted to civil pleadings when pattern behavior implies acknowledgment.**

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests this Court:

1. To deem all material facts alleged in unrebutted pleadings as admitted;
2. To enter a Judicial Notice of Constructive Admissions;
3. To clarify the jurisdictional appointment, as this matter contains allegations warranting review by a Circuit Judge or Article III Judge, as per constitutional structure;
4. And for such other and further relief as this Court deems just and proper.

Respectfully submitted,

Nicholas Pellegrino

Pro Se Plaintiff