**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

Nicholas Pellegrino,

Plaintiff,

v.

[Relevant Defendants],

Defendants.

Civil Action No.: 1:25-cv-11681

## MOTION TO ADD THE KARDASHIAN/JENNER FAMILY AS CO-PLAINTIFFS AND TO CONSOLIDATE CLAIMS

Plaintiff Nicholas Pellegrino, proceeding pro se, respectfully moves this Court pursuant to Rules 20 and 42 of the Federal Rules of Civil Procedure for an Order (1) permitting the addition of the Kardashian/Jenner family as co-plaintiffs in this action, and (2) consolidating any related claims or actions involving the Kardashian/Jenner family with this case. In support of this Motion, Plaintiff states as follows:

## I. LEGAL STANDARD

**Rule 20(a)(1)** Joinder of Parties permits multiple plaintiffs to join in one action if:

- (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
- (B) any question of law or fact common to all plaintiffs will arise in the action.

**See Fed. R. Civ. P. 20(a)(1); League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1310 (9th Cir. 1997).**

**Rule 42(a)** Consolidation permits the Court to consolidate actions involving common questions of law or fact to avoid unnecessary cost or delay. **See Fed. R. Civ. P. 42(a); Arnold v. Eastern Air Lines, Inc., 712 F.2d 899, 904 (1st Cir. 1983).**

## II. ARGUMENT

1. **The Kardashian/Jenner Family's Claims Arise from the Same Transaction or Occurrence**

    Plaintiff's claims against the relevant defendants—including misconduct and corruption—are factually intertwined with any claims or potential claims involving the Kardashian/Jenner family. The allegations arise out of overlapping events and patterns of conduct involving the defendants. Under **Fed. R. Civ. P. 20(a)(1)(A),** such claims may be joined as co-plaintiffs as they derive from the same or related transactions or occurrences.

2. **Common Questions of Law and Fact Exist**

    The legal and factual issues—such as alleged corruption, misconduct, and potential violations under RICO—are common to both Plaintiff and the Kardashian/Jenner family. Courts have recognized that joinder is appropriate where plaintiffs share common questions of law or fact. **See League of United Latin Am. Citizens v. Wilson, 131 F.3d at 1310.**

### 3. Joinder Promotes Judicial Economy and Avoids Duplicative Litigation

Adding the Kardashian/Jenner family as co-plaintiffs and consolidating their claims with this action will promote judicial efficiency, avoid inconsistent rulings, and reduce unnecessary costs. The Court has broad discretion to consolidate cases where common issues exist. **See Arnold v. Eastern Air Lines, 712 F.2d at 904.**

### 4. Existing Claims Against the Kardashian/Jenner Family Are Baseless and Frivolous

Any existing or future claims against the Kardashian/Jenner family related to this matter are without merit and should be consolidated under this coordinated action for effective management and resolution.

### 5. Plaintiff's Standing and Authority

Despite proceeding pro se, Plaintiff has demonstrated familiarity with complex litigation, including RICO claims, and possesses the capacity to effectively represent the interests of all co-plaintiffs. Courts do not prohibit pro se parties from adding co-plaintiffs **under FRCP Rule 20** where joinder criteria are met.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court:

- Grant the Motion to add the Kardashian/Jenner family as co-plaintiffs in this action;
- Consolidate any and all claims involving the Kardashian/Jenner family related to this matter with the instant case;
- Grant any further relief deemed just and proper.

Respectfully submitted,

/s/ Nicholas Pellegrino (Pro Se)

**References:**

- **Fed. R. Civ. P. 20(a)(1)**
- **Fed. R. Civ. P. 42(a)**
- **League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1310 (9th Cir. 1997)**
- **Arnold v. Eastern Air Lines, Inc., 712 F.2d 899, 904 (1st Cir. 1983)**