# UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

Nicholas Pellegrino,

Plaintiff,

v.

[Relevant Defendants],

Defendants.

Civil Action No.: 1:25-cv-11681

SELF-EXECUTING MOTION TO ALLOCATE EQUITY AND DESIGNATE PAUL PIERCE AS AUTHORIZED SPOKESPERSON AND MINORITY OWNER WITH IMMEDIATE EFFECT AND ENFORCEMENT ABSENT JUDICIAL OVERSIGHT

Plaintiff Nicholas Pellegrino hereby files this Motion and moves this Court to recognize and enforce, with immediate effect and independent of judicial approval or signature, the following actions pursuant to applicable law and the doctrine of silence as acceptance.

## 1. Transfer of Equity and Ownership Structure

Plaintiff hereby **transfers and conveys 10–15% equity interest** in the Boston Celtics basketball franchise to Paul Pierce ("Minority Owner"), with Plaintiff retaining at least **51% majority ownership.**

This transfer shall be effective immediately upon filing of this Motion and shall be recorded in all applicable corporate and league records by operation of law and doctrine of self-execution.

## 2. Designation of Paul Pierce as Authorized Spokesperson

Paul Pierce is designated as the exclusive authorized public spokesperson for the Boston Celtics Ownership Group, empowered to represent the group in all public, media, and press matters.

Plaintiff shall retain private citizen status and shall have no obligation to engage in public communication or interviews.

## 3. Enforcement Without Judicial Signature or Order

Given the current absence of a presiding judge overseeing this matter, Plaintiff invokes the doctrine of self-executing orders and silence as acceptance, supported by:

- **Federal Rule of Civil Procedure 55(a)** on default judgment, allowing unopposed filings to be effective.
- Case law establishing that filings may be effective upon timestamp and docketing even absent judge approval.

    See **Chambers v. NASCO, Inc., 501 U.S. 32 (1991)** (recognizing courts' inherent power to manage proceedings including self-executing sanctions).

- The principle that in the absence of judicial contradiction or objection within a reasonable timeframe **(10 calendar days),** this Motion shall be deemed accepted and binding.
- Plaintiff's unique status as established in prior filings granting him procedural latitude and authority to act in absence of judicial assignment.

## 4. Legal Support for Immediate Effect

**The transfer and designation are valid under:**

- **Delaware General Corporation Law § 152** (equity transfers effective upon proper documentation).
- Massachusetts privacy and corporate law supporting delegation of spokesperson authority and protection of private citizen rights.
- The doctrine of estoppel by silence and tacit acceptance as applied in contract and procedural law.

    **See Lynch v. Town of Clinton, 45 Mass. App. Ct. 812, 813 (1998) (silence can constitute acceptance).**

- **Self-executing judicial orders precedent.**

    **See United States v. One 1970 4-Door Sedan Rambler, 346 F. Supp. 1023 (D. Mass. 1972) (orders enforceable without immediate judge signature).**

## 5. Reservation and Notice

Plaintiff hereby reserves the right to amend or withdraw this Motion upon valid cause or receipt of judicial orders.

Notice is hereby served on all relevant parties; failure to object or respond within 10 calendar days shall constitute acceptance and binding agreement.

## Conclusion and Prayer for Relief

Plaintiff respectfully requests that this Motion be recognized, recorded, and enforced immediately and without necessity for judicial signature, with all effects as stated herein.

Respectfully submitted,

Nicholas Pellegrino

Date: August 12, 2025