UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NICHOLAS PELLEGRINO

    v.                                              Civil No. 25-cv-11681-LBM

JUDGE MYONG JOUN, ET AL.

## O R D E R

Mr. Pellegrino filed three motions (Doc. Nos. 110, 116, 117) seeking recusal of the undersigned magistrate judge from this case pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455, based on the undersigned's alleged actual and perceived bias. For the reasons explained below, Mr. Pellegrino's motions are denied.

### 28 U.S.C. § 144

"A motion to disqualify a judge pursuant to § 144 requires that 'a party . . . file a timely and sufficient affidavit' alleging personal bias or prejudice against him or in favor of an adverse party." Id. at § 144. Courts have "insist[ed] on strict compliance with the procedural requirements of the section." In re Martinez-Catala, 129 F.3d 213, 218, 218 n.1 (1st Cir. 1997) (collecting cases). Mr. Pellegrino did not file the affidavit § 144 requires in support of his motions for recusal. The motions, therefore, fail to the extent they are asserted under that statute.

### 28 U.S.C. § 455

Under § 455, "a judge 'shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned.'" United States v. Torres-Estrada, 817 F.3d 376, 380 (1st Cir. 2016) (quoting 28 U.S.C. § 455(a)). But "judges should not 'recuse themselves lightly.'"

United States v. Cruzado-Laureano, 527 F.3d 231, 239 (1st Cir. 2014) (citation omitted). "Judges have a duty to sit unless some compelling reason for recusal exists." United States v. Caramadre, 807 F.3d 359, 374 (1st Cir. 2015).

Mr. Pellegrino's assertions concerning the undersigned judge's bias are based entirely on the rulings and recommendations made in this case. "A judge's 'alleged bias and prejudice . . . must be personal and it must stem from an extrajudicial source.'" United States v. Dudley, 100 F.4th 74, 84 (1st Cir. 2024) (citation omitted). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994); see also In re United States, 441 F.3d 44, 67 (1st Cir. 2006) (observing that judge's rulings and statements in the course of proceedings rarely provide a basis for relief under § 455(a)).

The undersigned magistrate judge has no actual bias against Mr. Pellegrino, and Mr. Pellegrino fails to assert any facts to demonstrate otherwise. There is no objective appearance of bias in the record in this case. Further, nothing in this court's rulings or recommendations could generate any reasonable question as to the court's impartiality, or any other reason for the court's disqualification in this case. Accordingly, Mr. Pellegrino's motions seeking this court's recusal (Doc. Nos. 110, 116, 117) are denied.

SO ORDERED.

_____
Talesha L. Saint-Marc
United States Magistrate Judge

August 13, 2025

cc:     Nicholas Pellegrino, pro se