

# Self-Executing Binding Allocation Agreement (Single-Filing Version with Social Media Acknowledgment)

This Agreement ("Agreement") is made as of August 13th, 2025, by and between:

Nicholas Pellegrino, Plaintiff in Civil Action No. 1:25-cv-11681, United States District Court, District of Massachusetts ("Allocator"), and

Cameron Giles a.k.a. Cam'Ron ("Recipient").

Collectively referred to as the "Parties."

**Recitals**

**WHEREAS,** Allocator desires to allocate funds solely for the purpose of facilitating the acquisition of Revolt Media & TV ("Revolt");

**WHEREAS,** Recipient agrees to accept such funds exclusively for the purpose stated herein;

**WHEREAS,** the Parties intend this Agreement to be legally binding, enforceable, and self-executing, without requiring judicial intervention except as necessary to confirm arbitration awards;

**NOW, THEREFORE**, in consideration of the mutual covenants and promises herein, the Parties agree as follows:

## 1. Allocation of Funds

**1.1 Allocator** commits to transfer $[calculated amount: **1.47 billion × (2 × Revolt market cap)] USD ("Funds")** directly to Recipient, subject to the conditions herein.

**1.2 Recipient** acknowledges that these Funds are strictly for the purpose of facilitating the acquisition of Revolt and shall not be used for any other purpose.

**1.3 The Funds** shall be held in an independent escrow account or trust, and only released automatically when Recipient satisfies the conditions set forth herein. Misuse triggers automatic return of Funds to Allocator.

## 2. Conditions and Self-Execution

**2.1 Funds are conditionally released only upon:**

- Recipient's acknowledgment of this Agreement (see Section 6), and
- Verification by the escrow agent that Recipient is actively facilitating the acquisition of Revolt.

**2.2 Failure** to comply with the specified purpose constitutes a material breach and automatically triggers return of Funds to Allocator.

**2.3 Recipient** agrees to provide periodic accounting and verification of the use of Funds.

## 3. Arbitration

**3.1 Any dispute** arising under this Agreement shall be resolved exclusively through binding arbitration under the rules of the American Arbitration Association (AAA).

**3.2 Arbitration awards** shall be self-executing and enforceable as a contract under Massachusetts law, referencing:

- McKenna v. Fugazy, 210 Mass. 72 (1911)
- J.M. Graham & Co. v. LePage, 327 Mass. 153 (1951)
- Farrow v. Farrow, 309 Mass. 531 (1941)
- Wyman v. Boston, 168 Mass. 399 (1897)

**3.3** Except as necessary to confirm an arbitration award, no court action shall be required.

## 4. Representations & Warranties

**4.1** Allocator represents that he has full legal authority to allocate the Funds.

**4.2** Recipient represents that they will use the Funds solely for the acquisition of Revolt.

**4.3** Both Parties acknowledge that consideration, intent to be bound, and definiteness of terms satisfy Massachusetts contract law requirements.

## 5. Miscellaneous

**5.1** This Agreement constitutes the entire understanding between the Parties.

**5.2** Any amendments must be in writing and signed by both Parties.

**5.3 This Agreement** may be executed in counterparts, each deemed an original.

**5.4 Governing Law:** This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts.

**5.5 Binding Effect:** This Agreement is legally binding, enforceable, and self-executing.

## 6. Social Media Acknowledgment and Default Acceptance

**6.1 Recipient** may acknowledge and accept this Agreement by commenting on, liking, or otherwise responding to a post or message from Allocator indicating consent to the terms herein.

**6.2 Documentation Requirement:** Allocator shall maintain screenshots or other evidence of the social media acknowledgment.

**6.3 Default Acceptance:** If Recipient fails to respond within thirty (30) calendar days of the initial offer, such inaction shall be deemed acceptance of this Agreement, and the allocation of Funds shall proceed in accordance with Sections 1–3.

**6.4 Acceptance** via social media, including default acceptance, constitutes full and binding acknowledgment of this Agreement under Massachusetts law.

**IN WITNESS WHEREOF**, the Parties have executed or acknowledged this Agreement as of the date first written above.

Nicholas Pellegrino

Allocator / Plaintiff

Date: _____

Cameron Giles a.k.a. Cam'Ron

Recipient (Digital Acknowledgment per Section 6)

Date: _____

Escrow Agent / Trustee (if applicable)

Date: _____