**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

NICHOLAS PELLEGRINO,

Plaintiff,

v.

Talesha Leah Saint Marc,

Defendant.

Civil Action No.: 1:25-cv-11681

# Supplemental Statement: Fact-Based Corruption Claim and Judicial Accountability

### 1. Blatant Denial of Fact-Based Corruption Claim

I am compelled to note that the Court is dismissing a fact-based corruption case, despite clear and verifiable evidence. The Court's action mischaracterizes factual allegations as delusions, defaming me and undermining my credibility. This constitutes both misrepresentation of facts and a violation of my civil and human rights.

By dismissing the corruption claim, the Court appears to assert that judges hold absolute rights while all other parties are without remedy or voice. This is inconsistent with federal law and judicial ethics.

## 2. Judicial Immunity and Accountability

While federal judges have qualified immunity, immunity ceases when a judge is actively sued for corruption or engages in misconduct. By asserting blanket immunity while facing a corruption suit, the Court is effectively acting beyond the law.

I request that all higher judicial bodies review this matter and strip any claimed immunities until full accountability is achieved. The Court cannot selectively interject, dismiss, or override facts under the pretense of immunity.

## 3. Defamation and Misrepresentation

By labeling my actions as delusional or illegitimate, the Court is actively defaming me. The record should reflect that all filings and factual claims are being made in good faith, and any attempt to undermine or dismiss them is improper.

## 4. Request for Oversight and Accountability

**I formally request:**

1. Immediate review by an impartial Article III judge.
2. Recognition of all factual corruption claims as valid filings.
3. Public acknowledgment that judicial immunity is not absolute in cases of alleged corruption.
4. Protection of my civil and human rights throughout this case.

Nicholas Pellegrino

Plaintiff, Pro Se