UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

NICHOLAS PELLEGRINO,

Plaintiff,

v.

[Defendants: NBA, Boston Celtics, and others to be inserted],

Defendants.

Civil Action No.: 1:25-cv-11681

## MOTION FOR TEMPORARY AND PRELIMINARY INJUNCTION

Plaintiff Nicholas Pellegrino, pro se, respectfully moves this Court for a Temporary and Preliminary Injunction to prevent Defendants from transferring, selling, or otherwise altering Plaintiff's legally recognized ownership interests in the Boston Celtics and associated assets.

## I. INTRODUCTION

1. Plaintiff has properly filed multiple legal claims asserting ownership rights and civil rights violations.
2. Defendants are attempting to close transactions and mergers that would effectively nullify Plaintiff's legal ownership stake, despite these claims being filed prior to any transfer or merger.
3. Plaintiff seeks immediate injunctive relief to preserve the status quo and prevent irreparable harm.

## II. FACTUAL BACKGROUND

4. Plaintiff's ownership claims have been on record since [insert date(s)], demonstrating a pattern of deliberate obstruction by Defendants.
5. Defendants have proceeded to finalize mergers and approve ownership changes without acknowledgment of Plaintiff's federally protected claims, despite Plaintiff invoking statutory protections under RICO and civil rights law.
6. Defendants' conduct constitutes irreparable harm, as ownership rights, once transferred, cannot be undone or fully compensated with money.

## III. LEGAL STANDARD

7. **A temporary or preliminary injunction is appropriate where:**

   a. Plaintiff is likely to succeed on the merits;

   b. Plaintiff will suffer irreparable harm in the absence of relief;

   c. The balance of equities favors the plaintiff;

   d. An injunction is in the public interest.

   **(Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); see also eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388 (2006))**

8. **Under RICO (18 U.S.C. §§ 1962(c), (d)),** courts have authority to enjoin ongoing and threatened violations that interfere with federally protected property interests.
9. **Civil rights statutes (42 U.S.C. § 1983)** provide courts authority to prevent ongoing violations of federally protected ownership and property rights.

## IV. ARGUMENT

10. **Likelihood of Success on the Merits:**
    - Plaintiff has properly filed legal claims asserting ownership, with documentation on record.
    - Defendants' attempts to circumvent Plaintiff's claims violate federal law.
    - Plaintiff's claims include multiple predicate acts under RICO.
11. **Irreparable Harm:**
    - Ownership rights cannot be replaced by compensation.
    - Any transfer or merger will permanently deprive Plaintiff of voting, management, and financial rights.
12. **Balance of Equities:**
    - Plaintiff faces total loss of legally recognized ownership.
    - Defendants suffer no harm by maintaining the status quo until the Court rules.
13. **Public Interest:**
    - Preserving the integrity of federal law and civil rights.
    - Preventing irreparable damage and enforcing accountability of private and public entities.
14. **Request for Impartial Judicial Oversight:**
    - Plaintiff requests assignment to an Article III judge or any impartial federal judge willing to fully acknowledge and enforce Plaintiff's claims.
15. **Law of Silence as Acceptance:**
    - Plaintiff invokes federal principles of tacit acceptance (silent acquiescence) to assert that Defendants' prolonged inaction constitutes acknowledgment of Plaintiff's claims.
    - Defendants' deliberate silence and obstruction violates statutes on record, creating additional grounds for injunctive relief.

## V. RELIEF REQUESTED

**Plaintiff respectfully requests that this Court:**

a. Issue a temporary and preliminary injunction preventing Defendants from transferring, selling, or otherwise altering Plaintiff's ownership stake until the Court rules.

b. Require Defendants to recognize and maintain Plaintiff's ownership rights pending resolution of the Amended Complaint.

c. Order that any violations of the injunction be treated as contempt with appropriate sanctions.

d. Assign the case to an impartial Article III judge or any federal judge with full authority to enforce these rights.

e. Grant any additional relief the Court deems just and proper to protect Plaintiff's federally protected ownership rights.

Dated:

Respectfully submitted,

Nicholas Pellegrino

Plaintiff, Pro Se