UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

NICHOLAS PELLEGRINO,

Plaintiff,

v.

[DEFENDANT NAME],

Defendant.

Civil Action No.: 1:25-cv-11681

MOTION REGARDING TACIT ACCEPTANCE, VIOLATION OF LAW ON RECORD, AND JUDICIAL OVERSIGHT

Introduction:

Plaintiff Nicholas Pellegrino respectfully submits this motion to address Defendants' prolonged silence concerning Plaintiff's properly filed claims. This silence constitutes tacit acceptance under the law on record, which has been properly filed and remains undisputed. Defendants' inaction, in conjunction with ongoing civil RICO claims and documented civil rights violations, demonstrates an attempt to circumvent federal law and procedural norms.

**Background:**

1. Plaintiff has filed numerous claims dating back to [insert date, e.g., April 2025], fully documented and properly submitted in accordance with federal procedural requirements.
2. Defendants have been aware of these filings but have failed to respond, acknowledge, or act upon them, despite being legally obligated to do so.
3. Plaintiff's filings include actionable civil RICO claims, civil rights claims, and ownership-related claims, all of which remain on record.

**Argument:**

1. **Tacit Acceptance / Silence as Acceptance**
   - Restatement (Second) of Contracts § 69(1) provides that an offeree's silence and inaction operate as an acceptance in the following cases:
     - Where the offeree takes the benefit of offered services with reasonable opportunity to reject them and reason to know that they were offered with the expectation of compensation.
     - Where the offeror has stated or given the offeree reason to understand that assent may be manifested by silence or inaction, and the offeree in remaining silent and inactive intends to accept the offer.
     - Where, because of previous dealings or otherwise, it is reasonable that the offeree should notify the offeror if he does not intend to accept.
   - Defendants' failure to respond to Plaintiff's filings constitutes tacit acceptance under these provisions.
2. **Violation of Law on Record**
   - Plaintiff has a law on record regarding silence as acceptance, which remains undisputed.
   - Defendants' inaction constitutes a violation of this law, as they are deliberately ignoring legal filings that carry documented force.
   - Such disregard is compounded by Defendants' attempts to finalize ownership transfers or mergers without resolving Plaintiff's legally filed claims.
3. **Impact on Federal Rights and Transactions**
   - Defendants' actions threaten to circumvent legal claims, undermine federal civil rights protections, and compromise the integrity of transactions, including mergers or ownership changes.

- 
    - o Proceeding without addressing these claims may constitute federal law violations, RICO violations, and procedural misconduct.
4. **Need for Immediate Judicial Oversight**
    - o Plaintiff respectfully requests that the Court recognize the seriousness of Defendants' tacit acceptance and violations of law on record.
    - o The Court should exercise its authority to provide immediate relief, including injunctions or judicial oversight, to ensure Plaintiff's filings are acknowledged and Defendants are legally accountable.

### Human-Rights and Contextual Emphasis:

- Plaintiff has persevered in filing these claims as a Pro Se litigant, under conditions of personal hardship, including being displaced and disadvantaged.
- Defendants' silence and disregard highlight a systemic disregard for federal procedural law and human rights, and the Court's intervention is necessary to prevent further violations and preserve justice.

### Conclusion:

### Plaintiff respectfully requests that this Court:

1. Recognize Defendants' silence as tacit acceptance of Plaintiff's claims;
2. Acknowledge the violation of law on record regarding silence as acceptance; and
3. Take immediate judicial action, including injunctions or oversight, to ensure Plaintiff's claims are fully recognized and legally protected.