## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

<u>Nicholas Pellegrino</u>

      v.                                          Civil No. 25-cv-11681-LBM

<u>Judge Myong Joun, et al</u>

## <u>O R D E R</u>

Representing himself, Plaintiff Nicholas Pellegrino filed this action on June 10, 2025, seeking relief under federal constitutional and statutory law, and Massachusetts state law. Pellegrino filed ninety-six documents between June 10, 2025 and July 16, 2025. On July 17, 2025, the magistrate judge issued an Order (doc. no. 99) directing Pellegrino "not to file any documents in this case until preliminary review is complete." The following day, Pellegrino filed five new documents. On July 23, 2025, the magistrate judge completed the preliminary review in this matter pursuant to 28 U.S.C. § 1915(e)(2). <u>See</u> doc. no. 108 ("July 23 R&R"). Pellegrino has filed more than ninety additional documents (doc. nos. 109-171, 173-203) in this case since July 23, 2025. In this Order, the court addresses Pellegrino's outstanding motions and other filings. In addition, the court issues herein a Court Management Order ("CMO") in an effort to maintain control of the docket in this case.

## <u>Objections to July 23 R&R</u>

The court has reviewed all of the ninety-plus documents Pellegrino filed since July 23, 2025. Pelligrino has not specifically identified any of these documents as

objections to the July 23 R&R. However, as Pellegrino is representing himself in this matter, the court has liberally construed his filings, and has determined that document nos. 109, 114, 115, 121-124, 126, 129, 131, 132, 148, 150, 155, 157, 163, 173, and 202 are properly construed, in whole or in part, as objections to the July 23 R&R.[1]

### Motions to Amend Complaint & Preliminary Review
### (Doc. Nos. 100 and 101)

In document nos. 100 and 101, Pellegrino, citing Rule 15(a)(2) of the Federal Rules of Civil Procedure, seeks to add claims against two new defendants to this action. Pellegrino's requests to amend his complaint, however, arise under Rule 15(a)(1), because the court has not directed service of the complaint in this case. Rule 15(a)(1) allows one amendment as "a matter of course." Fed. R. Civ. P. 15(a). Accordingly, the court grants Pellegrino's motions to amend (doc. nos. 100, 101) the complaint, and construes document nos. 100 and 101 as complaint addenda. As complaint addenda, those documents are subject to preliminary review under 28 U.S.C. § 1915(e)(2). Accordingly, the court now conducts preliminary review of those complaint addenda, applying the same standard of review set forth in the July 23 R&R.

In document nos. 100 and 101, Pellegrino seeks to add claims against two new defendants to this case: Massachusetts Housing Court Judge Gustavo A. Del Puerto; and the Essex County Sheriff's Office ("ECSO"). Pellegrino asserts that

---

[1] Other relief sought in the filings the court now construes as objections are addressed separately in this Order.

those defendants violated his federal constitutional rights in regard to eviction proceedings brought against him in state court in Massachusetts. Pellegrino alleges that Judge Del Puerto "knowingly signed off on and permitted unconstitutional enforcement actions under color of law," "permit[ted] procedural abuses and contributing to systemic corruption or bad-faith conduct." Doc. no. 100 at 2. Pellegrino further alleges that the ECSO, "through its agents and representatives, knowingly and willingly signed off on enforcement actions related to the unlawful eviction proceedings, despite awareness of the ongoing judicial misconduct and improper judicial orders issued by Judge Gustavo A. De. Puerto." Doc. no. 101 at 1. Pellegrino also asserts that both proposed defendants engaged in, and are liable to him for, conspiracy, racketeering, corruption, and fraud.

Pellegrino contends that Judge Del Puerto and the ECSO, during his state court eviction proceedings, violated his Fourteenth Amendment right to due process and his right not to be subject to retaliation for exercising his First Amendment rights, and that in doing so they acted without legal authority. Pellegrino further alleges that the proposed defendants acted outside their legal authority. Pellegrino does not assert any specific facts underlying his claims against Judge Del Puerto and the ECSO.

Pellegrino's allegations concerning Judge Del Puerto and the ECSO are conclusory, nonspecific, and devoid of facts from which this court can infer that he states any claim upon which relief might be granted. As explained in the July 23 R&R, to state a claim for relief, allegations in a complaint must be "'more than labels and conclusions.'" Rae v. Woburn Pub. Schs., 113 F.4th 86, 98 (1st Cir. 2024)

3

(quoting Twombly, 550 U.S. at 555; Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993)), cert. denied, 145 S. Ct. 1431 (2025)). The court "'will not accept a complainant's unsupported conclusions or interpretations of law.'" Id.

Pellegrino does not: identify orders he claims were improperly signed, endorsed, and/or enforced by Judge Del Puerto and the ECSO; describe the content of those orders; or point to any other specific conduct in which Judge Del Puerto or the ECSO engaged which allegedly violated his rights or exceeded their legal authority. He therefore fails to demonstrate that those putative defendants violated his rights or acted in the absence of legal authority. For these reasons, the court finds that Pellegrino fails to state any claim upon which relief might be granted against either Judge Del Puerto or the ECSO. The court therefore dismisses all of the claims asserted in document nos. 100 and 101 against those defendants.

### "Motion to Clarify Judicial Obligations to Pro Se Litigants and to Address the Systemic Denial of Procedural Access Under the Guise of 'No Legal Advice'" (Doc. No. 113)

In document no. 113, Pellegrino claims that clerk's office staff members have refused to provide him with "neutral procedural guidance," by telling him that they cannot provide him with legal advice. Pellegrino claims to have sought, from the clerk's office staff: "information on deadlines, rule interpretation, filing standards, and correction of form deficiencies"; and the provision of "neutral, factual, and procedural guidance – such as court rules, applicable deadlines, accepted forms, and formatting instructions." Doc. no. 113 at 1. Pellegrino has not identified any specific

question he asked of any member of the Clerk's office to which he received an

unsatisfactory response.

"[A] court, which includes the clerk's office, cannot give legal advice."  Perry

v. Treseler, Case No. 3:18-cv-30194-KAR, 2020 WL 1877877, at *4 (D. Mass. Apr.

15, 2020) (internal quotation marks and citation omitted). The information

Pellegrino sought, as described in his motion, could constitute legal advice under

certain circumstances.  he court, however, cannot determine, based on Pellegrino's

allegations, what information he sought from the clerk's office staff, and cannot

therefore determine whether any clerk's office staff member could have answered

his questions. Further, the court cannot determine, based on Pellegrino's

allegations, what "neutral procedural guidance" he asks the court to clarify. [2]

Because the court cannot find that any member of the clerk's office staff acted

improperly, his motion asking the court to clarify what information may be provided

to him, and to fix perceived problems with the information provided by Clerk's office

staff members (Doc. No. 113) is DENIED.

### Rule 72(a) Objection (Doc. No. 199)

Pellegrino filed an objection (doc. no. 199) to Magistrate Judge Talesha Saint-

Marc's August 13, 2025 Order (doc. no. 172) denying Pellegrino's motions seeking

---

[2] The court notes that information and assistance Pellegrino may be seeking, including frequently used forms, national forms, a glossary of legal terms, this court's Local Rules, the Federal Rules of Civil Procedure, and other resources to assist pro se litigants, is available to the public on the court's website: https://www.mad.uscourts.gov/general/prose-litigants.htm (last viewed Aug. 13, 2025).

Magistrate Judge Saint-Marc's recusal from this matter. Under Rule 72(a) of the Federal Rules of Civil Procedure, the district judge reviews a litigant's objection to a magistrate judge's order and "must modify or set aside any part of the order that is clearly erroneous or is contrary to law." Upon review, the court finds that Magistrate Judge Saint-Marc's Order (doc. no. 172) is neither "clearly erroneous" nor "contrary to law." Fed. R. Civ. P. 72(a). Accordingly, Pellegrino's objection (doc. no. 199) is DENIED.

### **Remaining Documents**

The court has reviewed each of Pellegrino's filings in this case filed since July 23, 2025. As noted above, the court will consider document nos. 109, 114, 115, 121-124, 126, 129, 131, 132, 148, 150, 155, 157, 163, 173, and 202, in whole or in part, as objections to the July 23 R&R. The remaining motions, requests for relief not specifically identified as motions, and requests for relief included in "objection" documents (doc. nos. 102-105, 109, 111-115, 118-171, 173-194, 200-203), do not impact the court's consideration of the July 23 R&R, in which the magistrate judge recommended that this action be dismissed. Accordingly, the above-listed motions and requests for relief are DENIED.

### **History of vexatious litigation**

Prior to filing this action, Pellegrino filed another lawsuit in this court, Pellegrino v. Becton, Dickenson and Company (BD), No. 25-cv-10861-MJJ (D. Mass., filed Apr. 8, 2025) ("BDC Case"). On June 2, 2025, the court in the BDC Case

determined that Pellegrino's filing of "numerous and repetitious" filings warranted

the following "Warning Against Engaging in Repetitious Litigation":

> Judicial resources are limited and should not be diverted to frivolous or repetitious claims. As the Supreme Court has explained, "every paper filed [with the Court], no matter how repetitious or frivolous, requires some portion of the institution's limited resources." In re McDonald, 489 U.S. 180, 184 (1989) (per curiam). This Court has a "responsibility to see that these resources are allocated in a way that promotes the interests of justice." Id. The "continual processing" of "repetitious or frivolous" pleadings "does not promote that end." Id. "Federal courts possess discretionary powers to regulate the conduct of abusive litigants" and "[t]his includes the ability to enjoin a party—even a pro se party—from filing frivolous and vexatious motions." United States v. Gómez-Rosario, 418 F.3d 90, 101 (1st Cir. 2005).

> Plaintiff has filed numerous repetitious filings in this action, often several motions at a time. See, e.g., Daker v. Ward, 999 F.3d 1300, 1308 (11th Cir. 2021) ("[A] plaintiff's duplicative complaint is an abuse of the judicial process."); Childs v. Miller, 713 F.3d 1262, 1265 (10th Cir. 2013) ("When a pro se litigant files complaints that are repetitive, duplicative of other filings, without merit, or frivolous, he abuses the district court process."). The Court warns Mr. Pellegrino that he could be subject to sanctions should he continue this pattern of litigation.

June 2, 2025 Order, BDC Case (doc. no. 61 at 11).

On July 7, 2025, the court in the BDC Case issued an order (doc. no.

114) dismissing that case because Pellegrino had failed to comply with the

court's June 2, 2025 order directing him, among other things, to pay the filing

fee or file a renewed application to proceed in forma pauperis in that matter,

and to file a second amended complaint. In its July 7, 2025 order, the court in

the BDC Case also found that, despite its June 2, 2025 admonition

concerning Pellegrino's filing practices, Pellegrino continued to file numerous

and repetitive documents in that case. As a result, the court in the BDC Case

included a filing restriction in its July 7, 2025 order, specifically enjoining Pellegrino from filing new lawsuits in this court except upon satisfaction of certain conditions. See id. (doc. no. 114 at 4-5). That order remains in effect. On the day that filing restriction issued, Pellegrino initiated this case, and continued unabated his vexatious filing practices in this case.

As was true in the BDC Case, Pellegrino has now filed numerous documents in this case, most of which: do not appear to be factually or otherwise tethered to the claims asserted in the complaint and complaint addenda; assert repetitive arguments and requests made in previous filings; and/or seek relief the court has already denied. To assist the court in managing its docket and bringing this matter to an expeditious and just resolution, the court finds it is appropriate here to issue a case-specific Case Management Order as laid out below.

## CASE MANAGEMENT ORDER

1. Pellegrino will be allowed to file the following documents in this matter without first seeking leave (or permission) of court:

   A. a **single** objection to any motion filed by any other party, other than a motion for summary judgment, no later than fourteen days after the date of service of such motion;

   B. a **single** objection to any motion for summary judgment filed by any other party, no later than thirty days after service of such motion, see LR 7.1(b);

   C. a **single** objection to any Report and Recommendation issued by the court, no later than fourteen days after service thereof, see Fed. R. Civ. P. 72(b)(2);

   D. a **single** motion to reconsider any order issued by the court in this matter, no later than fourteen days after the date such order is issued;

E.    a **single** motion seeking the district judge's review of the magistrate judge's order on a nondispositive matter in this case, no later than fourteen days after service thereof, see Fed. R. Civ. P. 72(a);

F.    a motion to extend any deadline in this matter, not to exceed three pages, provided the motion is filed prior to the deadline at issue; and

G.    a motion to continue any scheduled hearing in this matter, not to exceed three pages.

2.    Other than the motions specifically listed in Paragraphs 1(A)-(G) of this Case Management Order, Pellegrino may not file **any** document in this case, without first seeking the court's permission to do so, in compliance with this Case Management Order.

3.    To seek the Court's permission to file any document not specifically listed in Paragraphs 1(A)-(G) of this Case Management Order, Pellegrino must comply with the following instructions:

A.    For each document he wishes to file, Pellegrino must file a single motion, not to exceed three pages, which includes the words "Motion for Leave to File" in the title;

B.    In the "Motion for Leave to File," Pellegrino must certify that the motion or document he seeks to file: (i) seeks relief that has not already been denied in this case, and (ii) is not repetitive of other filings he has made in this case; or (iii) seeks relief that the Court previously denied without prejudice to his ability to renew that request at a later date, and as to which the Court did not make a substantive ruling on the merits of the request for relief; and

C.    Pellegrino must attach, to the "Motion for Leave to File," a copy of the motion or document he is asking the court to allow him to file.

4.    Should Pellegrino seek leave to file a second or subsequent motion of a type identified in Paragraphs 1(A)-(G) of this Case Management Order, raising new grounds, the "Motion for Leave to File" concerning that second or subsequent motion, in addition to the other requirements set forth in Paragraphs 3(A)-(C) of this Case Management Order, must demonstrate good cause for his failure to previously assert the facts or argument he seeks to include in the subsequent filing.

5.      Should Pellegrino seek permission to file any document after the expiration of the deadline for filing such a document, the "Motion for Leave to File" accompanying such filing, in addition to the other requirements set forth in Paragraphs 3(A)-(C) of this Case Management Order, must demonstrate good cause for his failure to file the document before the deadline.

6.      No party may object to any "Motion for Leave to File" Pellegrino files in this matter pursuant to this Case Management Order.

7.      No party need object or respond to any motion Pellegrino seeks leave to file until such time as the court grants him leave to file the motion. Unless otherwise ordered by the court, the date of an order granting Pellegrino leave to file a motion will serve as the date from which objection and response deadlines are to be calculated.

8.      No document, otherwise timely filed, will be deemed to be late-filed due to any delay in filing or docketing created by compliance with this Case Management Order.

9.      Motions or other documents filed in violation of this Order may be summarily denied or stricken by the court.  Further, Pellegrino's failure to comply with this Order may result in the imposition of additional filing restrictions or other sanctions, including, but not limited to, monetary sanctions or dismissal of this case.

## CONCLUSION

For the foregoing reasons, the court now directs as follows:

1.      Document Nos. 109, 114, 115, 121-124, 126, 129, 131, 132, 148, 150, 155, 157, and 163, 173, and 202 are construed as objections to the July 23 R&R.

2.      Pellegrino's motions to amend the complaint (doc. nos. 100, 101) are GRANTED. Those documents are construed as complaint addenda subject to preliminary review pursuant to 28 U.S.C. § 1915(e)(2).

3.      The claims asserted in document nos. 100 and 101 are dismissed from this action without prejudice to Pellegrino's ability to move to amend those claims to address the insufficiencies identified herein, within fourteen days of the date of this Order.

4.      Pellegrino's Rule 72(a) objection (doc. no. 199) is DENIED.

5.      The remainder of Pellegrino's motions, relief sought in other filings, and relief sought in the Objections documents (doc. nos. 102-105, 109, 111-115, 118-171, 173-194, 200-203), are DENIED.

6.      The Case Management Order set forth herein is effective upon the issuance of this Order.  Pellegrino must comply with that Order with respect to any document he files or seeks to file in this case, unless and until the court orders otherwise.

SO ORDERED.

_____
Landya B. McCafferty
United States District Judge

August 19, 2025

cc:      Nicholas Pellegrino, pro se