

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

NICHOLAS PELLEGRINO,

Plaintiff,

v.

BOSTON CELTICS, NBA, AND NBA TEAMS,

Defendants.

Civil Action No.: 1:25-cv-11681

Reference Case: 1:25-cv-10861-MJJ

State Docket No.: 25H77SP001409

## MOTION TO JOIN KANYE WEST AS AN ADDITIONAL ALLOCATEE AND EXTENSION OF PRIOR ALLOCATIONS

Plaintiff, Nicholas Pellegrino, pursuant to his rights as a private citizen, self-represented, and under all prior federal filings, hereby moves to join Kanye West as an additional recipient of allocations, with the following stipulations:

### 1. Basis for Joinder

- **Familial Ties:** Kanye West is directly related to the Kardashian family through his four children with Kim Kardashian. As such, he is inextricably linked to the Kardashian family tree.
- **Eligibility for Allocations:** Given his direct familial ties, Kanye West is eligible for allocations associated with prior motions involving the Kardashian family, including prior allocations to Cardi B, Sofía Vergara, and other public figures tied to the family network.
- **Extension of Prior Allocations:** This motion extends prior allocations to include Kanye West without creating duplication or conflict, establishing a standalone allocation based on familial association.

### 2. Allocation of Funds

- **Total Allocation:** Plaintiff allocates $100 billion to Kanye West, of which a substantial portion shall be directed for community programs, charitable initiatives, and social impact projects in accordance with Kanye West's publicly stated intentions to give back.
- **Immediate Use:** The allocation empowers Kanye West to give back to society freely and transparently, with funds available for use immediately upon filing.

### 3. Legal Protections

- **Private Citizen Protections:** Kanye West is granted full private citizen protections, immunity, and all associated legal benefits consistent with prior allocations to other public figures.
- **Enforceability Upon Filing:** The allocation is legally binding immediately upon filing and shall not be subject to discretionary override, judicial reinterpretation, or administrative manipulation.
- **Judicial Override Prohibited: In Castro v. United States, 540 U.S. 375 (2003),** the Supreme Court held that courts must respect a pro se litigant's choice of procedural vehicle for their claim and cannot recharacterize it without notice. This principle underscores the enforceability of Plaintiff's filings upon submission.
- **Self-Executing Nature:** The allocation is self-executing, meaning it takes effect immediately upon filing without the need for further action by the court. This is consistent with the principle that certain legal rights are self-executing and do not require additional legislation to be enforceable.

## 4. Non-Duplication

- Distinct Allocation: This filing is not a duplicate of prior motions but a clarification and extension of prior allocations due to direct familial ties and association with the Kardashian family.
- Invalidity of Duplicate Claims: Any claims of duplication or redundancy are invalid and legally unenforceable.

## 5. Enforcement

- Immediate Enforcement: Enforcement of this allocation shall occur immediately upon filing and docketing.
- Obstruction Considered Misconduct: Any action to ignore, suppress, or undermine this allocation constitutes defamation and obstruction of lawful process, as supported by prior federal filings on record.

## WHEREFORE, Plaintiff requests:

1. That this motion be granted in full, allocating **$100 billion** to Kanye West as described herein.
2. That enforcement occur immediately upon filing or docketing.
3. That Kanye West be granted all legal protections, immunities, and authority associated with this allocation.
4. That Kanye West may begin immediately administering funds for community, charitable, and social impact initiatives, with full legal backing.