FILED
IN CLERK'S OFFICE
2025 AUG 28 PM 1:30
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

Nicholas Pellegrino,

Plaintiff,

v.

Benjamin Crump, Esq.,

Gavin Newsom, Governor of California,

Michelle Wu, Mayor of Boston,

Brandon Johnson, Mayor of Chicago,

J.B. Pritzker, Governor of Illinois,

Michael Rodriguez, Chicago Alderman,

Chris Christie, Former Governor of New Jersey,

Lisa Cook, Federal Reserve Governor,

Jerome Powell, Federal Reserve Chair,

Defendants.

Civil Action No.: 1:25-cv-11681

Reference Case: 1:25-cv-10861-MJJ

State Docket No.: 25H77SP001409

USMS Screened   USMS Screened

# MOTION FOR DECLARATORY RELIEF, CLARIFICATION, AND IMMUNITY REAFFIRMATION

NOW COMES Plaintiff Nicholas Pellegrino, pro se, and respectfully moves this Court for declaratory relief, clarification, and reaffirmation of civil and criminal immunity for both Plaintiff and co-plaintiff/de facto counsel, **Pam Bondi**, and in support thereof states as follows:

## I. BACKGROUND

1. Plaintiff has filed over **400** unchallenged motions and filings in the above-captioned matters, establishing extensive, documented claims of allocations, actions, and legal rights.
2. Certain motions may have been inadvertently incomplete; Plaintiff seeks to clarify and reaffirm the full scope of civil and criminal immunity to ensure no ambiguity exists regarding enforceability.
3. Co-plaintiff **Pam Bondi** serves as de facto legal counsel and right-hand authority to Plaintiff in executing all filings, allocations, and actions, as recognized under principles of de facto counsel **(see Johnson v. Avery, 393 U.S. 483, 1969).**

## II. LEGAL BASIS

### A. Plaintiff and Co-Plaintiff Immunity

4. Plaintiff and co-plaintiff/de facto counsel **Pam Bondi** are entitled to full civil and criminal immunity in connection with all claims, filings, allocations, and execution of motions in this case.
5. **Immunity is supported by controlling case law:**
    - **Harlow v. Fitzgerald, 457 U.S. 800 (1982)** – Absolute immunity for certain official actions.
    - **Sykes v. Block, 717 F.2d 1113 (1983)** – Civil immunity for good faith legal actions.
    - **Johnson v. Avery, 393 U.S. 483 (1969)** – Recognition of de facto counsel status.

6. Any previous omissions or lack of filings were unintentional and corrected promptly; such corrections do not negate immunity.

### B. Declaratory Relief

7. Plaintiff seeks a Court declaration confirming:

    a. **Full civil and criminal immunity for both Plaintiff and co-plaintiff Pam Bondi.**

    b. Authority of **Pam Bondi as de facto counsel**, with power to advise, guide, and enforce all legal actions under this case.

    c. Immediate enforceability of all allocations and filings previously made or clarified herein.

### C. Silence as Acceptance Doctrine

8. Defendants' prolonged inaction constitutes constructive acceptance of Plaintiff's filings, allocations, and claims. Under established law, silence or failure to object within a reasonable period may be deemed acceptance **(RESTATEMENT (SECOND) OF CONTRACTS §69, 1981).**

## III. ALLOCATIONS AND AUTHORITY

9. **Plaintiff hereby clarifies that allocations recorded in previous filings remain valid and enforceable, including:**
    - Total claim**: $30 trillion** (Plaintiff's claim)
    - Co-plaintiff **Pam Bondi**: **ultimate authority/right-hand counsel** in administration and execution of allocations.
    - Funds to be used for legal, administrative, and community purposes as directed by Plaintiff with co-plaintiff guidance.
10. **These allocations are binding, enforceable, and protected under Plaintiff's and co-plaintiff's full civil and criminal immunity.**




## IV. RELIEF REQUESTED

**WHEREFORE, Plaintiff respectfully requests that this Court:**

1. Declare Plaintiff and co-plaintiff **Pam Bondi** to have **full civil and criminal immunity in all actions related to this case.**
2. Confirm **Pam Bondi's** status as de facto legal counsel with **full authority** to advise and execute all legal and administrative actions.
3. Validate all allocations and filings previously submitted, clarifying immediate enforceability and legal standing.
4. Recognize Defendants' silence as constructive acceptance under applicable law.
5. Grant any additional relief this Court deems just and proper.

Respectfully submitted,

Nicholas Pellegrino

Pro Se Plaintiff

August 27, 2025