UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

Nicholas Pellegrino,

Plaintiff,

v.

Benjamin Crump, Esq.,

Gavin Newsom, Governor of California,

Michelle Wu, Mayor of Boston,

Brandon Johnson, Mayor of Chicago,

J.B. Pritzker, Governor of Illinois,

Michael Rodriguez, Chicago Alderman,

Chris Christie, Former Governor of New Jersey,

Lisa Cook, Federal Reserve Governor,

Jerome Powell, Federal Reserve Chair,

Defendants.

Civil Action No.: 1:25-cv-11681

Reference Case: 1:25-cv-10861-MJJ

State Docket No.: 25H77SP001409

## MOTION FOR DECLARATORY RELIEF AND EXTENSION OF FULL IMMUNITY

(Re: Civil Proceedings Involving Belcalis Almánzar p/k/a "Cardi B")

**NOW COMES** Plaintiff Nicholas Pellegrino ("Plaintiff"), respectfully moving this Honorable Court to declare that **Belcalis Marlenis Almánzar**, professionally known as Cardi B, is entitled to full civil and criminal immunity as an extension of the allocations, protections, and judicial safeguards already granted and recognized within this matter and its joined actions.

## I. INTRODUCTION

Plaintiff seeks a declaration that any pending or ongoing civil litigation naming Cardi B — including but not limited to a civil assault action alleged to have occurred several years prior — is rendered null and void by operation of law due to:

1. **Doctrines of Laches and Statute of Limitations** – Claims brought several years after the alleged conduct are presumptively stale, prejudicial, and barred.
2. **Joinder and Derivative Immunity** – As a recognized co-beneficiary of the allocations and protections within this litigation, **Cardi B inherits immunity from civil or criminal liability, derivative of her direct alignment with this case and the relief sought therein.**
3. **Public Policy and Judicial Economy** – It is against equity and judicial efficiency to allow collateral litigation to proceed where immunity has been extended in a controlling federal action.

## II. ARGUMENT

### A. Laches and Stale Claims

- The equitable doctrine of laches bars claims where an unreasonable delay prejudices the defense. **(Costello v. United States, 365 U.S. 265 (1961)).**

- Civil assault claims require timely prosecution; a multi-year gap without credible contemporaneous evidence renders the action meritless. **(Order of R.R. Telegraphers v. Ry. Express Agency, 321 U.S. 342 (1944)).**

### B. Statute of Limitations

- **In Massachusetts, civil assault claims carry a three-year statute of limitations (M.G.L. ch. 260 § 2A). If alleged events occurred five or more years ago, the claim is time-barred as a matter of law.**

### C. Derivative Immunity Through Joinder

- Immunity protections granted within a consolidated or joined federal action extend to those directly attached to its allocations. **(Hans v. Louisiana, 134 U.S. 1 (1890); Ex parte Young, 209 U.S. 123 (1908)).**
- Cardi B, by virtue of her attachment to this case as a co-plaintiff beneficiary, is entitled to immunity consistent with the broader protections granted.

### D. Public Policy and Judicial Efficiency

- Allowing parallel litigation undermines judicial efficiency and creates conflicting rulings. Federal courts routinely enjoin duplicative or harassing litigation where immunity is at issue. **(Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976)).**

## III. RELIEF REQUESTED

**WHEREFORE, Plaintiff respectfully requests this Court issue an Order:**

1. Declaring that **Belcalis Marlenis Almánzar** (Cardi B) is entitled to full civil and criminal immunity under the allocations and protections recognized in this action.
2. Declaring that all pending or future civil claims, including the referenced civil assault action, are null, void, and dismissed with prejudice.
3. Enjoining any state or federal proceedings inconsistent with this Court's declaration.

Respectfully submitted,

/s/ Nicholas Pellegrino

Plaintiff, Pro Se