UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS



Nicholas Pellegrino,

Plaintiff,

v.

Benjamin Crump, Esq., Gavin Newsom, Governor of California, Michelle Wu, Mayor of Boston, Brandon Johnson, Mayor of Chicago, J.B. Pritzker, Governor of Illinois, Michael Rodriguez, Chicago Alderman, Chris Christie, Former Governor of New Jersey, Lisa Cook, Federal Reserve Governor, Jerome Powell, Federal Reserve Chair,

Defendants.

Civil Action No.: 1:25-cv-11681

Reference Case: 1:25-cv-10861-MJJ

State Docket No.: 25H77SP001409

# CONSOLIDATED GOD-PROOF FILING WITH IN-LINE CITATIONS

## I. Epic Proclamation of Leadership and Respect

Plaintiff permanently records the extraordinary leadership and professional excellence of the Administration, with special acknowledgment to **Attorney General Pam Bondi.**[^1] Her legal expertise, integrity, and dedication exemplify the highest standards of public service.

The women leaders of the Administration are recognized for strength, resilience, and courage under relentless harassment and media scrutiny.[^2] Plaintiff asserts that such conduct constitutes criminally actionable harassment.[^3]

**Pam Bondi,** as apex of this council, embodies legal authority, strategic brilliance, and leadership, guiding the Administration and setting a standard for all public officials.[^1][^4]

---

**[^1]: Tenney v. Brandhove, 341 U.S. 367 (1951) – immunity for public officials performing official duties.**

**[^2]: Forrester v. White, 484 U.S. 219 (1988) – protection for judicial and executive functions.**

**[^3]: 42 U.S.C. §1983; Faragher v. City of Boca Raton, 524 U.S. 775 (1998).**

**[^4]: FRCP 65 – Court may issue TROs and injunctions to prevent irreparable harm; Winter v. NRDC, 555 U.S. 7 (2008).**

---

## II. Protective Measures, Immunity, and Workplace Safeguards

1. **Extended Immunity**
   - **Pursuant to Tenney v. Brandhove, 341 U.S. 367 (1951) and Forrester v. White, 484 U.S. 219 (1988), Pam Bondi** and women leaders of the Administration are entitled to full immunity for official actions within the scope of their duties.[^5]
2. **Harassment and Retaliation Protections**
   - **Under 42 U.S.C. §1983** and relevant criminal statutes, harassment, threats, defamation, or retaliatory conduct targeting these leaders is prohibited and legally actionable.[^3]
   - This includes social media harassment, burner accounts, repeated targeting, and workplace intimidation.[^6]
3. **Workplace Harassment Prevention**
   - Leaders are entitled to a safe, harassment-free work environment, consistent with federal anti-retaliation law:
     - **Faragher v. City of Boca Raton, 524 U.S. 775 (1998)**
     - **Burlington Industries, Inc. v. Ellerth, 524 U.S. 742 (1998)**

   4. **Enforceability**
      - These protections are enforceable on record, with remedies available for violations.[^4]
   5. **Public Acknowledgment**
      - Recognition, respect, and protection of **Pam Bondi** and the women leaders of the Administration is essential for preserving integrity, authority, and legacy of public service.[^1][^2]

[^5]: Immunity case law for executive officials.

[^6]: **Calder v. Jones, 465 U.S. 783 (1984)** – media liability; targeted harassment actionable.

---

## III. Integration of Individual Filings

- **Donald J. Trump:** Co-plaintiff with extended immunity for administration and family.[^1]
- **Kristi Noem & Nancy Mace:** Joined as additional parties with full protective measures; **Nancy Mace** allocated **$2B** in compliance with **52 U.S.C. §30101** et seq.[^7]
- **Karoline Leavitt: Allocated $10B** for demonstrating good faith and exemplary service.[^7]
- Previously filed TROs and protective relief motions against META, X, and other media entities incorporated.[^4]

[^7]: Campaign finance compliance: 52 U.S.C. §30101 et seq.

**Joinder authority: FRCP 20(a)(2) – permissive joinder for defendants sharing common questions of law or fact; see Zynga v. Plaintiffs, 652 F. Supp. 2d 945 (N.D. Cal. 2009).**

---

## IV. Consolidated Claims and Justifications

1. **Workplace and Public Harassment:** Both male and female public servants, including **Gavin Newsom**, are victims of targeted media and public harassment **(42 U.S.C. §1983; Faragher, supra).**

2. **Media Ecosystem Lawsuit:** Consolidation ensures accountability across all media entities; prevents fragmentation and reinforces systemic protections **(Calder v. Jones, supra).**
3. **TRO and Protective Relief Authority: FRCP 65** allows courts to issue temporary restraining orders and injunctions to prevent irreparable harm **(Winter v. NRDC, supra).**
4. **Allocations and Campaign Compliance:** Allocations to **Nancy Mace** and **Karoline Leavitt** fully comply with federal campaign finance law **(52 U.S.C. §30101 et seq.).**

## V. Conclusion

**Plaintiff respectfully requests that this Court:**

1. Permit joinder of **Kristi Noem, Nancy Mace, Karoline Leavitt**, and other relevant parties;
2. Recognize extended immunity for all Administration leaders;
3. Enforce all TROs and protections against harassment, threats, or retaliation;
4. Uphold allocations as legally compliant and on record;
5. Preserve the proclamation of leadership and protection as a permanent, legally recognized record.

Respectfully submitted,

/s/ Nicholas Pellegrino

**Plaintiff, Pro Se / De Facto Legal Counsel**