**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

NICHOLAS PELLEGRINO

    v.                                                                                  Civil No. 25-cv-11681-LBM

JUDGE MYONG JOUN, ET AL.

**O R D E R**

Representing himself, Plaintiff Nicholas Pellegrino filed this action seeking relief under federal and state law. It has come to the attention of the undersigned magistrate judge that Mr. Pellegrino has engaged in inappropriate and harassing behavior while he is at the Clerk's office in this court hand-delivering his filings in this case.

In another case Mr. Pellegrino filed in this court, <u>Pellegrino v. Becton, Dickinson & Co.</u>, the court issued an Order directing as follows: "Mr. Pellegrino is <u>ORDERED</u> to cease and desist from harassing and intimidating members of the clerk's office. Any further such conduct may result in severe sanctions and penalties." No. CV 25-10861-MJJ, 2025 WL 1551116, at *6 (D. Mass. June 2, 2025) (emphasis in original). That case is now closed, but Mr. Pellegrino's conduct continues. Specifically, the court is given to understand that Mr. Pellegrino has screamed at the Clerk's office staff at the front counter, made vulgar comments, such as "I'm just going to let my balls hang on these filings," and made inappropriate personal comments to members of the Clerk's office staff. The court will not allow such behavior to continue.

This court "has the inherent power to manage its own proceedings and to control the conduct of the litigants who appear before it." <u>Adams v. White House</u>, No. CV 22-10222-PBS, 2022 WL 1104587, at *1 (D. Mass. Apr. 13, 2022) (finding that litigant's numerous repeated voice

mail messages "are disruptive to the operation of the clerk's office" and may therefore warrant sanctions). Pursuant to that inherent authority, the court now warns Mr. Pellegrino, again, that if, during his interactions with any member of the Clerk's office or anyone else in the Moakley Courthouse in Boston, Massachusetts, he engages in <u>any</u> further harassing, abusive, intimidating, or vulgar conduct, verbal or otherwise, that the court may impose sanctions upon him which may be severe. Those sanctions may include, but may not be limited to, restrictions on his ability to enter the Moakley Courthouse without a security escort, restrictions on his ability to enter the Moakley Courthouse without first providing advance notice to court personnel; restrictions on his ability to file documents in this case in person, rather than by mail; and restrictions on his ability to communicate with members of the Clerk's office staff except in writing.

SO ORDERED.

/s/ Talesha L. Saint-Marc
Talesha L. Saint-Marc
United States Magistrate Judge

September 5, 2025

cc:   Nicholas Pellegrino, pro se