UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

Case No.: 1:25-cv-11681



NICHOLAS PELLEGRINO,

Plaintiff,

v.

GAVIN NEWSOM, ELIZABETH WARREN, NANCY PELOSI, MAXINE WATERS, JUDGE MYONG JOUN, JUDGE TIMOTHY D. SULLIVAN, JUDGE BEVERLY CANNOE, MAYOR MICHELLE WU, and WCVB CHANNEL 5 BOSTON,

Defendants.

## COVER PAGE / EXECUTIVE SUMMARY

**Purpose of Packet:**

This packet contains a robust, self-executing **Section 12** motion under **Massachusetts General Laws, Chapter 123, §12,** supported by the Affidavit of Nicholas Pellegrino and a Justification Statement. The motion requests mandatory mental health evaluations of the named defendants within Massachusetts jurisdiction.

**Key Points:**



1. **Retaliatory Background:**
    - Plaintiff was previously involuntarily detained under **Section 12** on June 16, 2025, immediately after filing legal documentation exposing systemic corruption.
    - That detention lacked clinical justification and constitutes a retaliatory action in violation of **First and Fourteenth Amendment rights.**
2. **Legal Basis for Motion:**

- o **Massachusetts General Laws, Chapter 123, §12** authorizes mental health evaluations when an individual presents a risk to themselves or others.
- o The motion is **self-executing** under the doctrine of silence's acceptance, requiring compliance without objection.
- o **Federal law supports recourse when officials abuse their authority (Gomez v. Toledo, 446 U.S. 635; Hartman v. Moore, 547 U.S. 250; Harlow v. Fitzgerald, 457 U.S. 800).**

3. **Justification / Mirror Effect:**
   - o The prior retaliatory misuse of **Section 12** justifies this motion as a legally grounded response, ensuring that the statute is applied consistently and impartially.
   - o This motion is not motivated by personal animus, but rather by the need for accountability and fairness.

4. **Scope and Enforcement:**
   - o **Jurisdiction:** Massachusetts.
   - o Mandatory compliance required; U.S. Marshals or other federal enforcement mechanisms may be invoked if necessary.

**Packet Contents:**

1. Affidavit of Nicholas Pellegrino (updated to add **Judge Beverly Cannoe** and explain the delay due to corruption and procedural mishandling).
2. **Section 12** Motion (self-executing, naming all high-profile defendants).
3. Justification Statement (mirror effect, legal and ethical rationale).
4. Exhibits / Evidence (optional: prior **Section 12** detention records, filings, correspondence).

**Conclusion:**

This packet provides a comprehensive, legally grounded, and self-executing motion to hold accountable those who previously misused **Section 12** powers. The purpose is to ensure Massachusetts law is applied fairly, protect the Plaintiff's constitutional rights, and establish a clear and enforceable record.

Signed:


Nicholas Pellegrino

**EXECUTIVE SUMMARY – MANDATORY SECTION 12 MOTION**

**To the Defendants and Concerned Parties:**

This document serves as an executive summary of the accompanying Motion for Mandatory Compliance under Massachusetts General Laws Chapter 123, Section 12. The motion is legally self-executing under the doctrine of silence's acceptance and is immediately enforceable.

**Key Legal Points:**

1. **Mandatory Compliance under Section 12:**
   - **Statutory Authority: Massachusetts General Laws Chapter 123, Section 12(a)** authorizes licensed medical professionals, including physicians, advanced practice registered nurses, qualified psychologists, and licensed independent clinical social workers, to restrain and apply for the hospitalization of individuals posing a risk of serious harm due to mental illness. In emergency situations, police officers may also restrain and apply for hospitalization when licensed professionals are unavailable. This statute mandates immediate evaluation and potential hospitalization of individuals deemed a danger to themselves or others.
   - **Case Law Support: In Massachusetts General Hospital v. C.R., 2020,** the Supreme Judicial Court held that the activities governed by **Section 12(a)** are separate from the three-day involuntary hospitalization period established under **Section 12(b),** emphasizing the statutory requirement for immediate action by authorized professionals.
2. **Doctrine of Silence's Acceptance:**
   - **Legal Principle:** The doctrine of silence's acceptance posits that failure to respond to a legal claim or motion constitutes acceptance of the terms therein. This principle is recognized in contract law, where silence can be construed as acceptance under specific circumstances, particularly when the offeree has a duty to respond or when previous dealings establish such an understanding.
   - **Case Law Reference: In McAulay v. Jones, 110 Cal. App. 2d 302 (1952),** the California Court of Appeal noted that silence and total inaction of the defendant may operate as assent to the formation of a

contract, highlighting the enforceability of agreements based on non-response in certain contexts.
3. **Jurisdiction and Enforcement:**
    - **Massachusetts Jurisdiction:** All **Section 12** evaluations and proceedings are to be held in Massachusetts. Failure to appear constitutes a violation of federal law and may trigger enforcement, including involvement of U.S. Marshals.
    - **Enforcement Mechanism:** The failure or refusal to comply with this motion, including failure to appear in Massachusetts, constitutes a violation of federal law. Enforcement measures, including U.S. Marshals executing lawful service and delivering the individuals to the designated Massachusetts facility, may be undertaken to ensure compliance.
4. **Responsibility Clarification:**
    - **Accountability:** This situation is entirely the responsibility of the defendants. The failure to address systemic issues and corruption has led to this legal action. The motion is a direct consequence of the defendants' inaction and mismanagement.
    - **Legal Implications:** The defendants' failure to comply with the motion is not merely procedural—it is legally binding and enforceable. The system will respond to ensure compliance, regardless of personal objections.

**Conclusion:**

The defendants are hereby notified that this motion is legally binding and enforceable. Compliance is mandatory and immediate. The failure to comply constitutes a violation of federal law and may result in enforcement actions. The defendants are encouraged to take this matter seriously and act accordingly.

Respectfully submitted,

**Nicholas Pellegrino**

**Pro Se / De Facto Legal Counsel**

**Donald J. Trump**

**47th President of the United States**