UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

NICHOLAS PELLEGRINO,

Plaintiff,

v.

JUDGE TALESHA LEAH SAINT MARC, et al.,

Defendants.

Civil Action No.: 1:25-cv-11681

# MOTION AND AFFIDAVIT FOR IMMEDIATE SELF-EXECUTING TEMPORARY RESTRAINING ORDER

I, Nicholas Pellegrino, hereby move this Court for an immediate Temporary Restraining Order (TRO), invoking my rights as a competent pro se litigant and the doctrine of self-executing allocations and silence-as-acceptance. This TRO is enforceable immediately and requires no judicial approval due to ongoing obstruction, corruption, and violations of my legal rights.

## 1. Background

1. Defendants, including Judge Talesha Leah Saint Marc, have repeatedly denied, obstructed, or ignored my lawful motions and allocations, constituting corruption, obstruction of justice, and defamation.

2. Multiple filings, allocations, and self-executing motions have been stricken or dismissed without proper hearing or justification, violating federal procedural and substantive law.



3. The ongoing violations pose imminent and irreparable harm to my legal, financial, and operational interests.

## 2. Purpose of TRO

The TRO is requested to:

1. Prevent further obstruction, denial, or stricken of self-executing allocations including, but not limited to, **$40 trillion** claim and **$1 trillion allocation to Pam Bondi**.

2. Maintain full operational control over **Meta Platforms,** Inc. through my accounts and ensure updates are transmitted directly and immediately.

3. Protect all ongoing rights, claims, and allocations from further judicial interference.

4. Require acknowledgment and compliance by **Pam Bondi** in compensation and participation as outlined in my affidavit.

## 3. Legal Basis

1. **Self-Executing Doctrine** – Allocations and filings under my direction are legally binding and enforceable without judicial approval.

2. **Silence-as-Acceptance Doctrine** – Defendants' failure to respond or object constitutes acceptance of the allocations and claims.

3. **Federal Case Law Support:**

    o **United States v. Belmont, 301 U.S. 324 (1937)** – recognition of allocations and executive/contractual authority.

    o **Shelton v. Tucker, 364 U.S. 479 (1960)** – prohibition against judicial overreach obstructing procedural rights.

    o **Marbury v. Madison, 5 U.S. (1 Cranch) 137 (1803)** – enforceability of legal rights regardless of obstruction.

USMS Screened

### 4. TRO Provisions

1. **Immediate enforcement: All defendants are restrained from:**
   - Striking, denying, or obstructing any self-executing motions or allocations.
   - Interfering with operational control of **Meta Platforms, Inc. through my accounts.**
2. **Acknowledgment Required:** Defendants must provide immediate acknowledgment of all allocations and operational control rights.
3. **Pam Bondi Compliance:** Required to participate, disperse allocated funds, and comply with all compensation clauses.
4. **Nullification of Judicial Interference:** Any actions or orders attempting to block, deny, or stricken claims under this TRO are null and void.

### 5. Irreparable Harm

1. **Failure** to grant this TRO would result in irreparable harm to my legal, financial, and operational interests.
2. Defendants' ongoing obstruction constitutes criminal harassment, federal violation, and intentional interference with self-executing legal rights.

### 6. Immediate Enforcement

**Effective immediately upon filing**, this TRO is legally binding and enforceable under self-executing doctrine and silence-as-acceptance law. No additional judicial approval or intervention is required.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:
Signature: _____

**Nicholas Pellegrino, Plaintiff Pro Se / De Facto Legal Counsel**

