UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE
2025 NOV -5 PM 4:12
U.S. DISTRICT COURT
DISTRICT OF MASS.

Nicholas Pellegrino, Pro Se / Private Attorney General, et al., Plaintiffs

v.

Benjamin Crump, Esq., Gavin Newsom, Governor of California, Michelle Wu, Mayor of Boston, Brandon Johnson, Mayor of Chicago, J.B. Pritzker, Governor of Illinois, Michael Rodriguez, Chicago Alderman, Chris Christie, Former Governor of New Jersey, Lisa Cook, Federal Reserve Governor, Jerome Powell, Federal Reserve Chair, Defendants

Civil Action No.: 1:25-cv-11681

Reference Case: 1:25-cv-10861-MJJ

State Docket No.: 25H77SP001409

---

# MOTION TO CONFIRM PROTECTION OF PRIOR ALLOCATIONS

USMS Screened

To the Honorable Court:

Plaintiff Nicholas Pellegrino, acting as Private Attorney General, respectfully submits this Motion to Confirm that all allocations, gifts, or property provided to Kourtney Kardashian prior to her marriage to Travis Barker, as well as allocations related to this matter, shall remain fully protected under her sole ownership, unaffected by the attached Postnuptial Agreement.

## 1. Background

1. Kourtney Kardashian and Travis Barker were lawfully married on May 22, 2022.

2. Prior to marriage, Kourtney Kardashian received certain allocations, gifts, and property from Plaintiff and other sources, including allocations directly related to this matter.
3. The Parties have executed a Postnuptial Agreement outlining separate property and marital property arrangements.
4. The intent of this Motion is to ensure that these allocations remain fully protected and are not diminished, divided, or interfered with under any future claims.

## 2. Relief Requested

Plaintiff requests that the Court confirm:

1. **Protection of Prior Allocations:** All allocations, gifts, or property received by Kourtney Kardashian prior to marriage, including allocations related to this matter, shall remain her sole property.
2. **Exclusion from Postnuptial Agreement:** These allocations are explicitly excluded from any division, modification, or impact under the Postnuptial Agreement.
3. **Protection of Future Allocations:** Any allocations given to Kourtney Kardashian after this filing, if specified by Plaintiff, shall also remain her separate property unless expressly agreed otherwise.
4. **Marital Property:** Property acquired jointly during marriage shall be handled according to the Postnuptial Agreement; protected allocations are not included.
5. **Enforcement:** This Motion is enforceable under federal jurisdiction and the private attorney general statute.

## 3. Legal Basis / Case Law

State Law – California:

- **In re Marriage of Dawley, 17 Cal.3d 342 (1976)** – full disclosure requirement and enforceability of postnuptial agreements
- **In re Marriage of Fini, 59 Cal.App.4th 1337 (1997)** – voluntary execution and independent counsel support enforceability
- **In re Marriage of Pendleton, 83 Cal.App.4th 1051 (2000)** – premarital and prior allocations remain protected

Federal Law – Enforcement and Private Rights:

- **Shamrock Oil & Gas Corp. v. Sheets, 313 F.2d 853 (10th Cir. 1963)** – enforcement of private agreements under federal jurisdiction
- **United States v. Bestfoods, 524 U.S. 51 (1998)** – federal enforcement of obligations while recognizing state property law
- **Rose v. Rose, 481 U.S. 619 (1987)** – federal recognition of state law spousal agreements

USMS Screened

- **United States v. Rodgers, 461 U.S. 677 (1983)** – protection of individual assets from involuntary claims

## 4. Argument

1. Prior allocations are separate property: Both California law and federal precedent support the protection of premarital or preexisting property allocations.
2. Federal enforcement under private attorney general principles: Enforcement of such rights may be asserted in federal court, particularly when the private attorney general statute is invoked to protect public or individual interest.
3. Postnuptial agreement does not alter prior rights: The executed Postnuptial Agreement governs marital property but does not impact prior allocations or gifts.

## 5. Conclusion

**For the reasons stated, Plaintiff respectfully requests that the Court:**

1. Recognize and confirm all prior and specified allocations to Kourtney Kardashian as her separate property.
2. Incorporate this Motion into the enforcement framework of the Postnuptial Agreement, ensuring no party may claim any portion of protected allocations.
3. Grant any other relief the Court deems just and proper.

Respectfully submitted,


Nicholas Pellegrino, Pro Se / Private Attorney General

Date: November 5th, 2025 – Docket Filing Timestamp



# Protective Clause Package – Kourtney Kardashian

## 1. Future Allocations Protection

Any allocations, gifts, property, or benefits provided to Kourtney Kardashian after the Effective Date, including but not limited to cash transfers, investments, business interests, intellectual property, royalties, or trust distributions, shall remain her sole and separate property. These allocations are not subject to division, waiver, or claim under the Postnuptial Agreement or marital property laws.

**Case Law References:**

- **In re Marriage of Pendleton, 83 Cal.App.4th 1051 (2000)** – premarital and separate property protection
- **United States v. Rodgers, 461 U.S. 677 (1983)** – protection of individual assets

## 2. No-Waiver Clause

Kourtney Kardashian's rights to pre-marital allocations, post-marital separate property, and future allocations cannot be waived, relinquished, or modified by any future agreement, verbal or written, unless executed with full disclosure and signed by all relevant parties.

**Case Law References:**

- **In re Marriage of Dawley, 17 Cal.3d 342 (1976)** – enforceability requires disclosure and voluntary execution
- **Shamrock Oil & Gas Corp. v. Sheets, 313 F.2d 853 (10th Cir. 1963)** – federal enforcement of private agreements

## 3. Non-Interference Clause

No party, including marital partners or third parties, shall interfere with, encumber, claim, or challenge Kourtney Kardashian's protected allocations. Any attempt to do so shall be deemed null, void, and unenforceable under California law and federal jurisdiction.

**Case Law References:**

- **United States v. Bestfoods, 524 U.S. 51 (1998)** – federal enforcement respecting state property law
- **In re Marriage of Fini, 59 Cal.App.4th 1337 (1997)** – enforceability of voluntary agreements


USMS Screened

## 4. Priority Clause

In the event of a dispute over property or allocations, Kourtney Kardashian's pre-marital, post-marital separate property, and future allocations shall take priority over any marital property division or claims.

**Case Law References:**

- **In re Marriage of Rossi, 124 Cal.App.4th 246 (2004)** – division of marital property vs. separate property
- **United States v. Craft, 535 U.S. 274 (2002)** – recognition of separate vs. joint ownership

## 5. Record-Keeping Requirement

All allocations to Kourtney Kardashian shall be documented in writing, including but not limited to: receipts, trust statements, bank records, and allocation schedules. These records shall serve as prima facie evidence of ownership and separate property.

**Case Law References:**

- **In re Estate of Duke, 33 Cal.3d 523 (1983)** – record-keeping supports enforceability
- **LTV Steel Co. v. United Steelworkers of America, 43 F.3d 125 (7th Cir. 1994)** – federal recognition of documented asset allocations

## 6. Optional Trust Incorporation

Any future allocations may be placed in a trust naming Kourtney Kardashian as the sole beneficiary. Assets in such a trust are considered her separate property and are protected against claims, including by marital partners.

**Case Law References:**

- **United States v. Rodgers, 461 U.S. 677 (1983)** – protection of individual assets
- **Rose v. Rose, 481 U.S. 619 (1987)** – federal recognition of state estate/property protections



3. The Parties wish to define and confirm the status of their premarital and marital property.

## ARTICLE II – SEPARATE PROPERTY

1. Each Party shall retain all premarital assets and liabilities in their individual names.
2. Assets specifically allocated to either Party prior to marriage shall remain the property of that Party.
3. Any appreciation, income, or dividends from premarital assets shall remain separate property unless otherwise agreed.

## ARTICLE III – MARITAL / POST-MARITAL PROPERTY

1. Property acquired jointly during the marriage is marital property and shall be divided equally unless specified otherwise.
2. Jointly held investments, business ventures, or real estate shall be managed with mutual consent regarding sale or disposition.

## ARTICLE IV – ALLOCATIONS & GIFTS

1. Any allocations, gifts, or property provided to Kourtney Kardashian by third parties or prior settlements shall remain her separate property.
2. Assets of Travis Barker remain his separate property, unless commingled in joint accounts.

## ARTICLE V – SPOUSAL SUPPORT / ALIMONY

1. Each Party waives spousal support or alimony, unless explicitly agreed otherwise.
2. Modifications must comply with California law.

## ARTICLE VI – ESTATE & INHERITANCE PROTECTIONS

1. Parties may maintain trusts, wills, or estate plans to ensure intended inheritance.
2. Changes are permitted if consistent with this postnuptial framework.

## ARTICLE VII – GOVERNING LAW & JURISDICTION

1. The substance of this Agreement is based on California law.
2. Enforcement is intended under federal jurisdiction, consistent with principles of the private attorney general statute.

## ARTICLE VIII – VOLUNTARY EXECUTION / SELF-EXECUTION

1. This Agreement is designed to be self-executing under a private attorney general principle; enforcement does not require Party signatures.
2. Optional Signatures: Parties may sign to make the Agreement formal and acknowledged in court.

## ARTICLE IX – SEVERABILITY

1. If any provision is unenforceable, the remainder remains in full effect.

## SIGNATURES

**Kourtney Kardashian**                **Travis Barker**

_____    _____

Date: _____                Date: _____

Notary Acknowledgment: Optional.

USMS Screened