UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

<u>Nicholas Pellegrino</u>

    v.                                                                   Civil No. 25-cv-11681-LBM

<u>Judge Myong Joun et al.</u>

## **O R D E R**

Before the court for consideration and ruling are numerous filings by self-represented plaintiff Nicholas Pellegrino docketed between July 17, 2025 and November 13, 2025. On August 19, 2025, the court issued an Order (doc. no. 202) which included a Case Management Order ("CMO") instituting a process Pellegrino is required to follow when filing documents in this case. Because the court's evaluation of Pellegrino's post-CMO filings therefore includes factors not relevant to the consideration of his pre-CMO filings (the procedural requirements set forth in the CMO), the court first addresses Pellegrino's filings made prior to August 19, 2025, the date the CMO issued, and then addresses the documents he filed between August 20, 2025 and November 13, 2025.

### **Documents Filed Before August 19, 2025 (Pre-CMO)**[1]

I.     <u>Objections to July 23, 2025 Report and Recommendation (doc. nos. 197, 198)</u>

On July 23, 2025, the magistrate judge issued a Report and Recommendation (doc. no. 108) ("July 23 R&R") in this case. The court previously construed a number

---

[1] The documents addressed in this section are those filed between July 17, 2025 and August 18, 2025, which were not addressed in the magistrate judge's July 23, 2025 Order (doc. no. 107), July 23, 2025 Report and Recommendation (doc. no. 108), or August 13, 2025 Order (doc. no. 172).

of Pellegrino's filings (doc. nos. 109, 114, 115, 121-124, 126, 129, 131, 132, 148, 150, 155, 157, 163, 173, 202) as objections to the July 23 R&R. See Aug. 19, 2025 Order (doc. no. 220). The court now finds that two additional filings, Pellegrino's "Supplemental Statement: Fact-Based Corruption Claim and Judicial Accountability" (doc. no. 197) and "Nicholas Pellegrino Case Statement Regarding Judge Talesha Saint Marc" (doc. no. 198), are also properly construed as objections to the July 23 R&R. Accordingly, the court will consider document nos. 197 and 198 in deciding whether to approve that R&R.

II.     Objection to August 13, 2025 Order (doc. no. 198)

On August 13, 2025, Magistrate Judge Talesha Saint-Marc issued an Order (doc. no. 172) ("August 13 Order") denying Pellegrino's motions seeking her recusal. While the court construes document no. 198 as an objection to the July 23 R&R, that document also includes an objection to the August 13 Order. Therefore, document no. 198 is before the court pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, which allows a party to obtain a district judge's review of a magistrate judge's ruling on a nondispositive motion. Upon consideration of that objection, the court finds that the August 13 Order is neither "clearly erroneous" nor "contrary to law," and thus DENIES the objection and DECLINES to set aside any part of the August 13 Order. Fed. R. Civ. P. 72(a).

III.    Motions for Temporary Restraining Orders (doc. nos. 195, 196, 198)

Plaintiff filed "Plaintiff's Motion for Temporary Restraining Order (TRO) and Request for Immediate Self-Executing Effectiveness" (doc. no. 195), Plaintiff's

2

"Motion for Immediate Self-Executing Temporary Restraining Order (TRO)" (doc. no. 196), and "Case Statement Regarding Judge Talesha Leah Saint Marc" (doc. no. 198), each seeking relief Pellegrino characterizes as a Temporary Restraining Order ("TRO"). A party seeking a TRO must assert "specific facts, in an affidavit or verified complaint," which "clearly show that immediate and irreparable injury, loss, or damage will result to the movant" before the defendants can be heard in opposition to" the TRO request. Fed. R. Civ P. 65(b)(1)(A). Further, the movant must "certify in writing any efforts made to give notice and the reasons why [notice] should not be required." Id. at 65(b)(1)(B). "'[T]he requirements of Rule 65(b)(1) are not mere technicalities but establish minimum due process. Thus, [t]o obtain ex parte relief, a party must strictly comply with those requirements.'" Strahan v. O'Reilly, Civ. No. 22-cv-52-LM, 2022 WL 788623, at *1 (D.N.H. Feb. 16, 2022) (citation omitted), R&R approved, 2022 WL 788258, at *1 (D.N.H. Mar. 14, 2022).

Pellegrino failed to comply with the requirements of Rule 65(b) with respect to any of his three motions seeking a TRO. He has not provided an affidavit in support of his motions, certified any efforts he has made to provide notice of his request to any defendant in this action or to Judge Saint-Marc[2], or demonstrated why such notice should not be required. Accordingly, the plaintiff's TRO requests (doc. dos. 195, 196, 198) are DENIED without prejudice for failure to comply with Rule 65(b)(1).

---

[2] The court notes that Judge Saint-Marc is not a party to this case, despite Pellegrino's inclusion of her as a defendant in the captions of some of his filings. See, e.g., doc. nos. 195, 196, 198, 207, 210-19.

3

IV.    <u>Request to Deem Filings "Self-Executing" or Effective Upon Filing (doc. nos. 195, 196, 198, 207, 210, 211, 214, 215, 217, and 218)</u>

In document nos. 195, 196, 198, 207, 210, 211, 214, 215, 217, and 218, Pellegrino asks the court to find those documents to be "self-executing," by which he means that the court should find that the relief he requests in those documents is granted and effective upon filing. The filing of a motion is not equivalent to a court order. Unless and until the court grants the relief Pellegrino seeks in a particular motion, that relief is not effected. Once the court rules on a motion, the relief requested therein is only effected, if at all, to the extent it is granted by the court. Accordingly, Pellegrino's filings docketed as document nos. 195, 196, 198, 207, 210, 211, 214, 215, 217, and 218, are DENIED.

V.    <u>Request to Recognize Doctrine of Silence-As-Acceptance (Doc. No. 207)</u>

In document no. 207, Pellegrino asks the court to find that any party's "silence," or failure to respond to any of his filings, would entitle him to the relief requested in such filings. Pellegrino has not demonstrated that any putative defendant has been properly served, and no defendant has appeared in this case. The court has not directed service of this matter on any defendant. While, under certain circumstances, a party's failure to respond to a filing could constitute assent to the relief requested therein, no such circumstances are present here. Accordingly, Pellegrino's request that the court recognize the "Doctrine of Silence-As-Acceptance" (doc. no. 207) is DENIED.

4

VI. <u>Motions/Requests Made on Behalf of Others (doc. nos. 195, 196, 198, 204, 205, 209, 213, and 215-219)</u>

In document nos. 195, 196, 198, 204, 205, 209, 213, and 215-219, Pellegrino asserts claims, or seeks relief, on behalf of individuals and organizations other than himself. Pellegrino is representing himself in this case. He is not an attorney admitted to practice in this court. Accordingly, he may not assert claims or seek relief on behalf of anyone other than himself. See 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); LR 83.5.5(b) ("An individual appearing pro se may not represent any other party and may not authorize any other individual who is not a member of the bar of this district to appear on his or her behalf."). For that reason, the rights of any person or entity other than Pellegrino are not properly litigated in this case, unless such other person appears in this matter personally or through an attorney, neither of which have occurred here with respect to any individual or organization Pellegrino has identified as a "co-plaintiff," or for whom he otherwise purports to act. Accordingly, to the extent Pellegrino, in document nos. 195, 196, 198, 204, 205, 209, 213, and 215-219, seeks relief on behalf of anyone other than himself, or seeks to join any other person or organization as a plaintiff to this action, such relief is DENIED.

VII. <u>Allocation of Funds (doc. nos. 195, 196, 198, 204-207, 209, 212, 213, and 215-219</u>

In document nos. 195, 196, 198, 204-207, 209, 212, 213, and 215-219, Pellegrino purports to allocate, to various individuals and organizations, portions of the forty trillion dollars he claims to have been awarded in this case. Pellegrino has not been awarded any money in this matter. Further, the allocation of any funds Pellegrino expects to be awarded in the future is not relevant to any question presently before the court. Accordingly, to the extent Pellegrino seeks the court's approval of his intended allocations in document nos. 195, 196, 198, 204-207, 209, 212, 213, and 215-219, such relief is DENIED.

VIII. <u>Requests for Immunity (doc. nos. 214-217)</u>

In document nos. 214-217, Pellegrino asks the court to grant or recognize his immunity from civil action and from criminal liability with regard to his "current legal circumstances." Doc. no. 214 at 2. Pellegrino fails to explain why he is entitled to such immunity, and nothing in the record before the court suggests a basis for Pellegrino to be granted immunity of any kind with regard to this matter. Accordingly, Pellegrino's requests in document nos. 214-217 for civil and criminal immunity are DENIED.

IX. <u>Motions to Amend the Complaint (doc. nos. 208, 212, 214-216)</u>

In document nos. 208, 212, and 214-216, Pellegrino asks the court to allow him to amend his complaint in this matter to assert a claim seeking recognition, protection, and enforcement of his "private citizen status." Doc. no. 208 at 1; doc. no.

212 at 1; doc. no. 214 at 1; doc. no. 215 at 1; doc. no. 216 at 3. Pellegrino does not explain the basis for his claim and does not provide any specific facts demonstrating that he might be entitled to the particular relief he seeks. Accordingly, to the extent Pellegrino seeks in documents nos. 208, 212, and 214-216 to amend his complaint to assert a claim concerning his "private citizen status," his request is DENIED.

**Documents Filed August 20, 2025 through November 13, 2025 (Post-CMO)**

I.     "Plaintiff's Reply to Blanket Denials" (doc. no. 237)

Pellegrino objects to "blanket denials" of his filings, stating that such rulings are inconsistent with Rule 52(a) and "controlling precedent requiring reasoned findings."[3] Pellegrino contends that the court's failure to make such findings violates his due process rights. Doc. no. 237 at 1. Pellegrino asks the court to issue findings specific to each of the motions in this case which the court has denied. It appears Pellegrino filed document no. 237 in response to this court's August 19, 2025 Order (doc. no. 220).

---

[3] The cases Pellegrino cites as "precedential" authority do not stand for the proposition that a court is required to provide a reasoned decision when denying a motion, or that such a denial violates due process. Instead, each of the cases Pellegrino cites concern an administrative agency's obligations to make reasoned findings or hold evidentiary hearings before taking certain actions. See Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 42 (1983) ("[A]n agency changing its course by rescinding a rule is obligated to supply a reasoned analysis for the change beyond that which may be required when an agency does not act in the first instance."); Mathews v. Eldridge, 424 U.S. 319, 349 (1976) (administrative agency not necessarily obligated to hold evidentiary hearing prior to denying benefits to claimant); Goldberg v. Kelly, 397 U.S. 254, 271 (1970) (administrative agency should state reasons for determination, though "statement need not amount to a full opinion or even formal findings of fact and conclusions of law").

7

"The court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion." Fed. R. Civ. P. 52(a)(3). Although Pellegrino cites Rule 52(a) in support of his objection, that rule does not support his assertion that he is entitled to reasoned decisions specific to each of his motions. Pellegrino has not identified any rule which prohibits the court's denial of any motion he has filed in this case without an individual motion-specific reasoned ruling. Nor has Pellegrino demonstrated that any of the reasons the court provided for denying any of his motions are insufficient to protect his due process rights. Accordingly, Pellegrino's request for specific reasoned findings for the denial of each of his motions is DENIED.

Additionally, in document no. 237, Pellegrino asks the court for the "[i]mmediate unsealing of all presidential documents regarding office certification and authority to restore transparency and public trust." Doc. no. 237 at 13. The court has no authority, in the context of this action, to issue the Order requested, and the request is DENIED.

II. "Motion to Reconsider/Vacate and Motion to Recuse the Presiding Judge" (doc. no. 239)

In document no. 239, Pellegrino asks the court to "reconsider or vacate the denial of writs and supporting documents at the compensation phase and, in the alternative, requests recusal of the presiding judge, Landya B. McCafferty, pursuant to 28 U.S.C. § 455." Doc. no. 239 at 1.[4] Pellegrino further argues that

---

[4] In support of this motion, Pellegrino first reiterates his due process objections to the court's "blanket denials" of his motions, which this court already

8

"[o]nce standing and jurisdiction are recognized, the Court cannot revoke participation selectively at the remedy stage," that "[d]enying Plaintiff participation solely at the compensation phase is inequitable, inconsistent, and contrary to law," and that "equity forbids a party from benefiting from litigation while denying the opposing party remedies." Doc. no. 239 at 2-3.  The court construes these arguments as seeking reconsideration of its August 19 Order, in which the court denied a number of Pellegrino's motions and dismissed claims he asserted in this case.

> [M]otions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust.

Allstate Ins. Co. v. Fougere, 79 F.4th 172, 197 (1st Cir. 2023) (citation omitted). Pellegrino's motion fails to assert either new facts, an intervening change in the law, or any manifest error of law in the August 19 Order. To the extent Pellegrino asserts all or part of the court's order was unjust, his assertions are generalized and conclusory, and do not demonstrate that any specific ruling in the August 19 Order was manifestly erroneous. Accordingly, Pellegrino's request to reconsider that Order is DENIED.

---

addressed and denied in this Order. In document no. 239, as in document no. 237, Pellegrino relies on cases which refer to the obligations of an administrative agency. In document no. 239, Pellegrino also cites Anderson v. City of Bessemer City, 470 U.S. 564, 574-75 (1985), which concerns the proper standard for an appellate court to apply when reviewing the findings of a trial judge made after a bench trial. A judge is required to make findings of fact after a bench trial under Rule 52(a)(1). Anderson does not stand for the principal that specific reasoned findings are required as to each motion a judge denies. As previously noted, Rule 52(a)(3) states that no such findings are required.

In addition to reconsideration, Pellegrino seeks recusal of the undersigned pursuant to 28 U.S.C. § 455. Under § 455, "a judge 'shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned.'" United States v. Torres-Estrada, 817 F.3d 376, 380 (1st Cir. 2016) (quoting 28 U.S.C. § 455(a)). But "judges should not 'recuse themselves lightly.'" United States v. Cruzado-Laureano, 527 F.3d 231, 239 (1st Cir. 2014) (quoting United States v. Snyder, 235 F.3d 42, 45 (1st Cir. 2000)). "Judges have a duty to sit unless some compelling reason for recusal exists." United States v. Caramadre, 807 F.3d 359, 374 (1st Cir. 2015).

Pellegrino's basis for seeking recusal derives entirely from his disagreement with rulings in the August 19 Order. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994); see also In re United States, 441 F.3d 44, 67 (1st Cir. 2006) (judge's rulings and statements in the course of proceedings rarely provide a basis for relief under § 455(a)).

This court has no actual bias against Pellegrino, and he has asserted no facts demonstrating otherwise. Further, Pellegrino points to no objective appearance of bias in the record in this case and the court can discern none. Accordingly, Pellegrino's motion (doc. no. 239) is DENIED.

III.    "Response and Objection to September 5, 2025 Order" (doc. no. 288)

Magistrate Judge Saint-Marc issued an Order on September 5, 2025 (doc. no. 287) ("September 5 Order"). In document no. 288, Pellegrino objects to that Order.

As his objection arises under Rule 72(a), the court must determine whether the September 5 Order is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a).

> The September 5 Order stated, in pertinent part:
>
> It has come to the attention of the undersigned magistrate judge that Mr. Pellegrino has engaged in inappropriate and harassing behavior while he is at the Clerk's office in this court hand-delivering his filings in this case. In another case Mr. Pellegrino filed in this court, Pellegrino v. Becton, Dickinson & Co., the court issued an Order directing as follows: "Mr. Pellegrino is ORDERED to cease and desist from harassing and intimidating members of the clerk's office. Any further such conduct may result in severe sanctions and penalties." No. CV 25-10861-MJJ, 2025 WL 1551116, at *6 (D. Mass. June 2, 2025) (emphasis in original). That case is now closed, but Mr. Pellegrino's conduct continues. Specifically, the court is given to understand that Mr. Pellegrino has screamed at the Clerk's office staff at the front counter, made vulgar comments, such as "I'm just going to let my balls hang on these filings," and made inappropriate personal comments to members of the Clerk's office staff. The court will not allow such behavior to continue.
>
> This court "has the inherent power to manage its own proceedings and to control the conduct of the litigants who appear before it." Adams v. White House, No. CV 22-10222-PBS, 2022 WL 1104587, at *1 (D. Mass. Apr. 13, 2022) (finding that litigant's numerous repeated voice mail messages "are disruptive to the operation of the clerk's office" and may therefore warrant sanctions). Pursuant to that inherent authority, the court now warns Mr. Pellegrino, again, that if, during his interactions with any member of the Clerk's office or anyone else in the Moakley Courthouse in Boston, Massachusetts, he engages in any further harassing, abusive, intimidating, or vulgar conduct, verbal or otherwise, that the court may impose sanctions upon him which may be severe. Those sanctions may include, but may not be limited to, restrictions on his ability to enter the Moakley Courthouse without a security escort, restrictions on his ability to enter the Moakley Courthouse without first providing advance notice to court personnel; restrictions on his ability to file documents in this case in person, rather than by mail; and restrictions on his ability to communicate with members of the Clerk's office staff except in writing.

Doc. no. 287 at 1-2.

Pellegrino first argues that because he requested Judge Saint-Marc's recusal in this case prior to September 5, 2025, it was improper for her to issue any ruling in this case until his motions seeking recusal were resolved. On August 13, 2025, Judge Saint-Marc issued an Order (doc. no. 172) denying Pellegrino's motions for her recusal (doc. nos. 110, 116, 117). Pellegrino filed an objection (doc. no. 199) to that Order on August 14, 2025. This court denied that objection in its August 19, 2025 Order. Accordingly, Pellegrino's motions for recusal were resolved prior to the magistrate judge's issuance of the September 5 Order.

Next, Pellegrino objects to the September 5 Order on the basis that the facts upon which that order is premised are false, stating that on September 5, 2025, he had no inappropriate interactions with Clerk's office staff members.[5] Pellegrino argues that the court cannot base a sanction on unsupported allegations. The September 5 Order, however, did not impose any sanctions, it simply warned Pellegrino that future harassing behavior toward the Clerk's office staff could result in the imposition of sanctions.

Finally, Pellegrino argues that the Clerk's office has charged him "inconsistent and excessive fees for copies of his own filings," which he considers to be evidence that the Clerk's office is obstructing his rights, and that such misconduct should not be ignored while he is sanctioned. Again, Pellegrino has not been sanctioned.

---

[5] The September 5 Order did not state that the offensive actions imputed to Pellegrino occurred on September 5, 2025, or any specific date.

The court acknowledges Pellegrino's denial of the conduct cited in the September 5 Order. The court, however, does not find that that Order was "clearly erroneous" or "contrary to law," Fed. R. Civ. P. 72(a), and therefore DENIES the objection (doc. no. 288) and DECLINES to set aside any part of the September 5 Order.

IV.  Filings Which Violate the August 19, 2025 Case Management Order (Doc. Nos. 221-236, 238, 241-286, 289-352)[6]

On August 19, 2025, the court issued the CMO in this case "to assist the court in managing its docket and bringing this matter to an expeditious and just resolution." Doc. no. 220 at 8.  The CMO required, among other things, that Pellegrino seek and obtain leave of court by filing a "Motion for Leave to File" any document he wishes to file in this case, and to make certain certifications in that motion, before the court will grant him leave to file any motion or other document (other than particular motions and documents identified in the CMO) in this case. The CMO advised Pellegrino that "[m]otions or other documents filed in violation of this Order may be summarily denied or stricken by the court." Doc. no. 220 at 10.[7]

---

[6] Document nos. 341-352 each consist of multiple motions, Complaint Addenda, and other filings which have been docketed together for purposes of efficiency. The court had reviewed and considered each of the documents included in those docket entries.

[7] Pellegrino is reminded that the CMO also warned that "failure to comply with [the CMO] may result in the imposition of additional filing restrictions or other sanctions, including, but not limited to, monetary sanctions or dismissal of this case." Doc. no. 220 at 10. While the court declines to impose additional restrictions or sanctions at this time, it may do so if Pellegrino continues to make filings in this case which violate the CMO.

13

Since that date, Pellegrino has filed numerous motions and other documents in a manner that does not comply with the CMO.[8] Accordingly, to the extent Pellegrino has filed motions and other documents seeking relief after the CMO issued, those filings (doc. nos. 221-236, 238, 241-286, 289-352), and the relief sought therein are DENIED, without prejudice, for failure to comply with the CMO.

## Conclusion

For the foregoing reasons, the court issues the following Order:

1. Document nos. 197 and 198 are construed as objections to the July 23, 2025 R&R (Doc. No. 108) and will be considered by the court in deciding whether to approve that R&R.

2. The court DENIES document no. 198, to the extent it is the objection to the August 13, 2025 Order (doc. no. 172), and DECLINES to set aside any part of that Order.

3. Pellegrino's motions seeking TROs (doc. nos. 195, 196, 198) are DENIED without prejudice.

4. Pellegrino's requests to deem his filings "self-executing" (doc. nos. 195, 196, 198, 207, 210, 211, 214, 215, 217, 218) are DENIED.

5. Pellegrino's request to recognize the Silence-As-Acceptance Doctrine (doc. no. 207) is DENIED.

---

[8] The court notes that Pellegrino has filed, on three occasions, a "Motion for Leave" along with a new filing. See doc. nos. 228, 289, 349 at 34. None of those motions for leave are compliant with the CMO's requirement that Pellegrino:

> certify that the motion or document he seeks to file: (i) seeks relief that has not already been denied in this case, and (ii) is not repetitive of other filings he has made in this case; or (iii) seeks relief that the Court previously denied without prejudice to his ability to renew that request at a later date, and as to which the Court did not make a substantive ruling on the merits of the request for relief[.]

Doc. no. 220 at 9.

6. Pellegrino's motions and requests made for or on behalf of anyone other than himself (doc. nos. 195, 196, 198, 204, 205, 209, 213, 215-219) are DENIED.

7. Pellegrino's filings concerning allocations of funds (doc. nos. 195, 196, 198, 204-207, 209, 212, 213, 215-219) are DENIED to the extent they seek relief related to such allocations.

8. Pellegrino's request for civil and criminal immunity (doc. nos. 214-217) are DENIED.

9. Pellegrino's motions to amend his complaint (doc. nos. 208, 212, 214-216) are DENIED.

10. Plaintiff's motion for specific reasoned findings for the denial of each of his motions (doc. no. 237) is DENIED.

11. Plaintiff's request for unsealing of presidential documents (doc. no. 237) is DENIED.

12. Pellegrino's motion to reconsider (doc. no. 239) the August 19, 2025 Order (doc. no. 220) is DENIED.

13. Pellegrino's motion to recuse the undersigned judge (doc. no. 239) is DENIED.

14. Pellegrino's objection (doc. no. 288) to the September 5, 2025 Order is DENIED.

15. Pellegrino's filings which violate the CMO (doc. nos. 221-236, 238, 241-286, 289-352) are DENIED without prejudice.

SO ORDERED.

_____
Landya B. McCafferty
United States District Judge
(Sitting by designation)

November 17, 2025
cc:   Nicholas Pellegrino, pro se