UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

Nicholas Pellegrino, Plaintiff, Pro Se / Private Attorney General

v.

Judge Myong Joun et al., Defendants

Civil No. 1:25-cv-11681-LBM

MOTION TO APPEAL, REQUEST FOR IMMUNITY PIERCING, AND CONSOLIDATED RESPONSE TO BLANKET DENIALS

## I. INTRODUCTION

Plaintiff Nicholas Pellegrino, appearing pro se as a Private Attorney General, respectfully submits this consolidated motion in response to the blanket denials issued by the Defendants, including **Judge Myong Joun, Magistrate Judge Talesha L. Saint-Marc, and District Judge Landya B. McCafferty**. This motion is submitted to preserve all rights under federal law, to address procedural deficiencies, and to ensure the integrity of the judicial process. Plaintiff asserts that these blanket denials constitute actionable misconduct, bias, and obstruction of justice, and seeks full recognition of all filings, claims, and acts on record, as well as the piercing of immunity **under Ex parte Young (209 U.S. 123 (1908))** and related precedent.

This motion consolidates all prior filings, responses, appeals, and arguments into one comprehensive submission, providing factual context, legal authority, rebuttals, and procedural explanation suitable for a pro se litigant.

## II. FACTUAL BACKGROUND

1. Plaintiff has filed over 350 dockected filings detailing facts, claims, and proposed legislative frameworks that were intended to provide national benefit, including but not limited to proposals regarding document releases, civil accountability mechanisms, and reforms aimed at ensuring transparency.

2. Defendants, through blanket denials issued on multiple occasions, including notable dates coinciding with birthdays of key actors (Plaintiff's birthday and that of Pam Bondi), have consistently refused to address the merits of Plaintiff's filings, thereby establishing a pattern of selective enforcement and bias.

3. Plaintiff's appeals to the appropriate appellate authority were neither addressed nor formally received, as evidenced by the lack of acknowledgment or docket activity. This procedural omission has effectively denied Plaintiff the right to appellate review and constitutes a violation of due process.

4. Acts on record, some of which do not carry Plaintiff's signature but are attributable to Plaintiff's intellectual and procedural work, have been referenced or utilized by third parties to create legislative frameworks or public documents without attribution or acknowledgment of Plaintiff's authorship.

## III. LEGAL BASIS FOR IMMUNITY PIERCING

1. **Under Ex parte Young, 209 U.S. 123 (1908),** the Supreme Court recognized that state officials may be subject to suit when enforcing unconstitutional or illegal acts, effectively piercing state immunity when such officials act beyond the scope of their lawful authority.

2. Plaintiff asserts that Defendants, by issuing blanket denials and refusing to acknowledge valid filings, have acted ultra vires, and their actions are therefore subject to judicial review without the shield of immunity.

3. This motion seeks piercing of immunity not only for judges explicitly named but also for any actors complicit in obstructing Plaintiff's filings and denying procedural and substantive rights, including Pam Bondi and any other parties involved in misappropriation or suppression of Plaintiff's acts on record.

## IV. PRIVATE ATTORNEY GENERAL STATUS AND APPLICABLE STATUTES

1. Plaintiff operates in the capacity of a Private Attorney General pursuant to relevant federal statutes, allowing a private individual to pursue claims on behalf of the public where governmental authorities fail to act.

2. Denial of filings, suppression of appellate review, and refusal to acknowledge documented acts constitutes interference with Plaintiff's statutory rights as a Private Attorney General, entitling Plaintiff to judicial recognition and enforcement of all rights, claims, and filings.

## V. PROCEDURAL DEFICIENCIES AND BIAS

USMS Screened

1. Blanket denials issued without individualized consideration of filings demonstrate bias against Plaintiff, possibly based on personal or political reasons, or due to perceived infringement upon the work or frameworks developed by Defendants.

2. Failure to assign counsel, provide a hearing, or address prior appeals constitutes **violation of procedural due process under 5 U.S.C. § 555, 28 U.S.C. §§ 1331, 1651,** and related procedural safeguards.

3. Plaintiff notes a pattern of selective enforcement, wherein filings are denied not based on legal insufficiency but rather because they expose misconduct, establish accountability, or originate from Plaintiff as a Private Attorney General.

## VI. Factual and Legal Rebuttals

Plaintiff anticipates potential rebuttals and preemptively addresses them with case law and procedural authority:

1. **Claim: Plaintiff's filings exceed the authority of a pro se litigant.**

Rebuttal: Pro se litigants are entitled to submit filings that comply with procedural rules. **See Haines v. Kerner, 404 U.S. 519 (1972).** Plaintiff has complied with all formatting, filing, and procedural requirements.

2. **Claim: Blanket denials are justified under judicial discretion.**

**Rebuttal:** Judicial discretion cannot override statutory and constitutional requirements. **See Ex parte Young, 209 U.S. 123 (1908); Marbury v. Madison, 5 U.S. 137 (1803).** Blanket denials without individualized review constitute actionable bias and misconduct.

3. **Claim:** Acts on record are irrelevant or improperly attributed.

**Rebuttal:** Plaintiff has documented over **100 acts on record**, with timestamped copies, providing clear authorship and contribution. Denial of acknowledgment or misattribution constitutes misappropriation and obstruction of justice.

4. **Claim:** Appeals were unnecessary or moot.

Rebuttal: Plaintiff's appeals were never addressed or received, constituting a procedural denial of rights **under 28 U.S.C. § 1291** and related appellate jurisdiction statutes.

USMS Screened

## VII. IMPACT AND NECESSITY FOR JUDICIAL REVIEW

1. The denial of Plaintiff's filings undermines public trust and obstructs systemic transparency, particularly when acts on record are utilized to create public policy without acknowledgment.

2. Judicial review is required to ensure integrity, prevent corruption, and enforce statutory rights of a Private Attorney General.

**VIII. CONCLUSION AND REQUEST FOR RELIEF**

**Plaintiff respectfully requests that the Court:**

1. Recognize the procedural and substantive validity of all filings submitted in this case.
2. Pierce immunity **under Ex parte Young** for all actors whose actions obstructed Plaintiff's filings, including judges and external parties such as Pam Bondi.
3. Address all prior appeals and ensure Plaintiff's submissions are reviewed on their merits.
4. Recognize and preserve Plaintiff's authorship of all acts on record, preventing misappropriation or misattribution.
5. Ensure that the blanket denial practices are reviewed, remedied, and prohibited in future proceedings.
6. Acknowledge the framework contributions provided by Plaintiff, including proposals submitted for national implementation, and consider them in full.

Respectfully submitted,

Nicholas Pellegrino, Pro Se / Private Attorney General

**Footnotes / Citations:**

1. Ex parte Young, 209 U.S. 123 (1908).
2. Haines v. Kerner, 404 U.S. 519 (1972).
3. Marbury v. Madison, 5 U.S. 137 (1803).
4. 28 U.S.C. § 1291 – Final Decisions of District Courts.
5. 5 U.S.C. § 555 – Administrative Procedure Act, hearings and due process.
6. Relevant statutes regarding Private Attorney General authority (insert applicable federal statute reference).

